410 So.2d 1079 (1982)
STATE of Louisiana
v.
Dwayne David COLEMAN.
No. 81-KA-1821.
Supreme Court of Louisiana.
March 1, 1982.
*1080 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leonard Knapp, Dist. Atty., Abbott J. Reeves, Terry Johnson, Eugene Bouquet, Asst. Dist. Attys., for plaintiff-appellee.
James B. Collins, Harold L. Thibodeaux, Lake Charles, for defendant-appellant.
SHORTESS, Judge Ad Hoc[*].
Dwayne David Coleman (defendant) was charged by a Calcasieu Parish Grand Jury indictment with the second degree murder of Bill Carr, a violation of La.R.S. 14:30.1. On March 23-26, 1981, defendant was tried by a twelve-person jury, found guilty as charged and sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. On appeal, defendant relies upon two assignments of error.
FACTS
As it was getting dark on November 10, 1980, defendant, along with Joe Lewis Perry, Juanita Boyce, and Barbara Briscoe left Houston, Texas, and proceeded towards Louisiana on Interstate 10 in defendant's 1976 Eldorado automobile. Perry and defendant wanted to rob someone to get some money. They stopped at a rest area while in Texas about 40 miles from Beaumont, but a robbery attempt was unsuccessful. They continued to Louisiana and stopped at another rest area. Defendant and Perry went to the restroom, and then sat on a picnic bench to wait for a likely victim. A large 18-wheeler drove up. The driver, who was alone, got out of the truck, went to the restroom and then used the telephone. As he started back to his truck, Perry walked towards him while defendant went to the rear of the truck and came around the left side of the truck. As Perry demanded the victim's money, defendant heard three or four shots and ran to the front of the truck where he saw the driver lying on the ground. Defendant said, "I think you done killed that man." They hurried to defendant's car and drove toward Lake Charles. Perry had taken the victim's wallet containing about $200.00, which the two men split. After making several stops, they returned to Houston.
When defendant learned the police were looking for him, he surrendered to the Houston police, waived extradition, and voluntarily returned to Louisiana.
Assignment of Error No. 1
Defendant claims the trial judge erred in overruling his objection to the court's use of the jury pool. Defendant and Perry were tried at the same time, in different sections of the court. A jury pool was drawn for both trials and then split into two venires. When prospective jurors were excused from the Perry trial, they were placed in defendant's venire, and vice versa. Defendant argues that those prospective jurors excused from the Perry trial and placed into his venire knew that Perry had been charged with first degree murder and, therefore, were prejudiced against him.
The record indicates that as defendant's case was called for trial, the trial judge instructed the clerk to unlock the metal jury box containing the names of the prospective jurors remaining after excusals and those drawn for the section handling *1081 the Perry trial. The box was well shaken and the trial judge directed the deputy sheriff to draw nineteen names from the box. From this initial call, five were peremptorily challenged by the State, seven by the defendant, one was excused for cause, and six jurors were accepted and sworn. (Tr. 16).
Before another group could be called, the names of ten prospective jurors who had been excused from the Perry venire were placed with the defendant's venire. Defendant objected to the inclusion of these names, but the trial judge overruled his objection, indicating that it was only a coincidence that two persons allegedly involved in the same offense were on trial in two divisions of court at the same time. (Tr. 19). The voir dire continued and thirteen names were drawn from the box. In this group were six who had been excused from the Perry venire. Five from this group of thirteen were seated and sworn as jurors, including Darrell Crochet and Harvey J. Istre, both from the Perry venire. The State peremptorily challenged four persons, including one who had come from the Perry venire, and the court excused four for cause, three of whom came from the Perry venire. The court then drew two more names. Defendant peremptorily challenged one more juror (Tr. 20) and the final juror, Joseph B. Chapman, Jr., was sworn. Chapman had come from the Perry venire. The court then ordered the selection of two alternate jurors. One of the alternates had also been on the Perry venire. In State v. Lemelle, 353 So.2d 1312 (La.1977), we held that an accused has no right to a trial by a particular jury or juror, but only to a trial by a competent, impartial jury. We also noted that drawing a separate venire for each section would obviate a repetition of these type objections. Again, we state that the better practice would be to have separate venires for each section, especially when severed defendants are being tried at the same time. We find no reversible error because defendant has shown no prejudice resulting from the use of the same jurors in two different sections of court. Additionally, we note that defendant did not exhaust his challenges. The record indicates he used eight peremptory challenges (Tr. 16, 20), so he could have challenged jurors Crochet, Istre and Chapman, and still not have exhausted his allotment of twelve. C.Cr.P. 799.
This assignment of error is without merit.
Assignment of Error No. 2
Defendant argues that the trial judge erred in overruling his objection to a witness' testimony that he had been involved in an attempted armed robbery prior to the murder. One of the female occupants of the car, Barbara Briscoe, testified that defendant had been involved in an attempted armed robbery prior to the murder, at a different location. Defendant's statement (Tr. 27) sets forth the complete circumstances and all the events which led to the murder of Bill Carr, including the attempted robbery earlier in the evening. In brief, defendant concedes that the testimony would be admissible under La.R.S. 15:445-448, but argues that the evidence was cumulative in nature, unduly prejudicial, and should have been excluded, although he admits that it did have probative value. The trial judge properly admitted this evidence, because it demonstrated intent, knowledge, and system. La.R.S. 15:445-446. State v. Harris, 383 So.2d 1 (La.1980). Barbara Briscoe's testimony merely corroborated the defendant's voluntary inculpatory statements and its probative value outweighed its prejudicial effect. This assignment of error is without merit.
Defendant's conviction and sentence are affirmed.
AFFIRMED.
LEMMON, J., concurs.
DENNIS, J., concurs with reasons.
DENNIS, Justice, concurring.
I respectfully concur, disagreeing only with the treatment of other crimes evidence issue.
NOTES
[*] Judges Melvin A. Shortess, Burrell J. Carter, and Felix H. Savoie, Jr., of the First Circuit Court of Appeal participated in this decision as associate justices ad hoc, joined by Associate Justices Dennis, Blanche, Watson, and Lemmon.