BARRY, Judge.
The defendant was convicted of theft of $1000, R.S. 14:67, and sentenced as a multiple offender to ten years at hard labor.
The victim, Dr. Ford Turner, a visiting guest lecturer at L.S.U., testified that the defendant approached him on Bourbon St. A second person stepped up and Turner realized that the two were picking his pocket. After seeing his wallet in the defendant’s hand, Turner grabbed him by the wrist. When police arrived, Turner was still holding the defendant, although his wallet containing $750-$l,000 was not recovered.
The only assignment of error contends the trial court erred in overruling defendant’s objection to the make up of the jury venire. Defendant claims it was late (11:20 a.m.) and the venire was composed of prospective jurors who had been rejected in other courts because of their lack of impartiality; hence, the defendant’s jury was not fair and impartial. Defendant contends the jury was composed of “basically all white, middle-aged people” and was not a fair panel.
*1116 To support a challenge of a jury venire the defendant must demonstrate there has been systematic discrimination or exclusion of a particular class in the selection of the jury panel. State v. Gardette, 352 So.2d 212 (La.1977).
An accused has no right to be tried by a particular jury or juror, but only by a competent, impartial jury. State v. Lemelle, 353 So.2d 1312 (La.1977). In State v. Coleman, 410 So.2d 1079 (La.1982) the defendant objected when prospective jurors were excused from the trial of a co-defendant, then were placed in his venire. Our Supreme Court found this was not reversible error because the defendant failed to demonstrate any prejudice resulting from the use of the same jurors in two different sections of the court. The facts in this case do not approach the potential juror prejudice as in Coleman.
La.C.Cr.P. Art. 419 (in part) states: A general venire, grand jury venire, or petit jury venire shall not be set aside for any reason unless fraud has been practiced or some great wrong committed that would work irreparable injury to the defendant.
In State v. Brown, 414 So.2d 726 (La.1982) the court stated that the defendant has the burden of establishing fraud or irreparable injury in the jury selection process. This defendant has not met that burden. There is no evidence that any individual or group was arbitrarily excluded from the jury panel. He was allowed proper voir dire and exhausted the challenges provided by law. He has no basis to complain of an impartial jury.
Although not assigned as error, we must review the sufficiency of evidence to support defendant’s conviction. State v. Raymo, 419 So.2d 858 (La.1982). We are to determine whether any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
In a theft prosecution the State must prove there was a taking of something of value which belonged to another. This taking must be without consent and the intent to permanently deprive the other is essential. La.R.S. 14:67.
We find there was sufficient evidence to lead the jury, viewing the evidence in the light most favorable to the prosecution, to find defendant guilty of theft beyond a reasonable doubt. State v. Frith, 450 So.2d 687 (La.App. 4th Cir.1984).
The conviction and sentence are affirmed.
AFFIRMED