304 So.2d 322 (1974)
STATE of Louisiana
v.
Johnny Ray HERMAN.
No. 55132.
Supreme Court of Louisiana.
December 2, 1974.
Rehearing Denied January 17, 1975.
*323 Ferdinand J. Kleppner, Grisbaum & Kleppner, Metairie, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Ronald P. Loumiet, Asst. Dist. Atty., Abbott J. Reeves, Special Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
Johnny Ray Herman and Warren Henry were tried together for violating R.S. 14:65 (simple robbery). The jury returned a verdict of guilty as to Johnny Ray Herman but acquitted Warren Henry. At the trial three bills of exceptions were reserved and these form the basis of this appeal. We find merit in appellant's third bill of exceptions and reverse.
The record shows: at about 10:00 A.M. on May 11, 1973 a lone man entered Donewar's Superette located at 938 Hancock Street, Gretna, Louisiana. The man asked for a doughnut but when the cash register was opened he asked the cashier for all of the money from the register. Both the cashier and her daughter, who was in the store at the time, identified the man as the defendant Johnny Ray Herman. The man left the store and as the cashier called the police the daughter looked outside and gave the license plate number of the car to her mother, who wrote it down. Later that day a car fitting the description of the getaway car was involved in an accident near the expressway in Jefferson Parish, not too far from the scene of the crime. Johnny Ray Herman was arrested at the scene of the accident. Warren Henry later turned himself in when he found out that he was being sought by the police.
Warren Henry told the police that he had been drinking all night when he picked up Johnny Ray Herman on the morning of the robbery. After driving around for a while he claimed to have fallen asleep in the back seat of the car. The next thing he remembered was waking up and finding that the car had been in an accident. He fled the scene. This exculpatory statement was introduced at the trial by the State. Counsel for Johnny Ray Herman objected to its introduction at the trial. In brief defendant argues that the United States Supreme Court decision in Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L. Ed.2d 476 (1968), should control this case. The objection was well founded.
In Bruton the Supreme Court held that when the state puts two defendants on trial in the same case, any statement made by one defendant which inculpates the other defendant cannot be admitted at the trial. This problem is created by the hearsay rule and the Sixth Amendment confrontation clause. In many instances the state can introduce a statement made by a defendant. Although technically hearsay, probative value is assured because it is an admission against interest. Obviously, no confrontation problem exists when the defendant's own statement is used against him. However, when two defendants are on trial in the same proceeding an additional problem is created. As to the co-defendant against whom the statement is used, the hearsay exception of an admission against interest is not applicable because the co-defendant did not make the statement, and the Sixth Amendment confrontation clause is violated because the co-defendant has no opportunity to cross-examine the person who made the statement. Any questions of the author of the statement will be met by the privilege against self-incrimination provided by the Fifth Amendment. Formerly this problem was solved by allowing the state to introduce the statement against only the defendant who made it provided the trial judge instructed the jury not to consider the statement when deciding the guilt or innocence of the other defendant. See Delli Paoli v. United States, 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278 (1957). This procedure was found to be deficient in the Bruton case. In Bruton the court held that the jury could not be expected to consider the admitted statement against one defendant but not against the other. *324 The court therefore concluded that the only way to protect the rights of the other defendant was to bar the introduction of the statement. When the state plans to use a statement by one of the co-defendants, they must be tried separately.
The statement made by Warren Henry concerned his activities before the robbery occurred. He told the police that he had been drinking at numerous bars the night before the crime. He drank a large amount of liquor during the night. Without returning home or going to sleep Warren Henry picked up his little brother to take him to work. At this time he also picked up Johnny Ray Herman. They drove around for a while and then Warren stated that he "passed out" in the back seat of the car. The next thing he remembered was being in the wreck. He left the car when he awoke and only later, after he learned that the police were looking for him, did he turn himself in to the police.
This statement inculpated Johnny Ray Herman by showing that he was in possession of and control of the car used in the robbery immediately before the crime occurred. Johnny Ray Herman did not have an opportunity to cross-examine the author of the statement (i. e., his co-defendant) and therefore its introduction into evidence violates the Bruton rule.
The State offers two arguments to support its contention that the conviction should be affirmed in spite of this clear violation of the defendant's rights. First, the State argues that the jury was properly warned to use the statement only when considering the guilt of Warren Henry. The trial judge admonished the jury three times not to use the statement against Johnny Ray Herman. This argument cannot be seriously maintained in light of the Bruton decision. In Bruton the court specifically rejected the contention that an admonition by the trial judge would cause the jury to only use the statement against the defendant who made it.
In its supplemental brief the State argues that if the use of the statement in this case did in fact result in a violation of the Bruton rule then the error is harmless and therefore the conviction does not have to be reversed. The State relies on the case of Schneble v. Florida, 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972). In Schneble the court followed the harmless constitutional error rule established in Chapman v. California, 386 U.S. 18, 87 S. Ct. 824, 17 L.Ed.2d 705 (1967), and applied this rule to the Bruton type of situation. The court stated:
"The mere finding of a violation of the Bruton rule in the course of the trial, however, does not automatically require reversal of the ensuing criminal conviction. In some cases the properly admitted evidence of guilt is so overwhelming, and the prejudicial effect of the codefendant's admission is so insignificant by comparison, that it is clear beyond a reasonable doubt that the improper use of the admission was harmless error.
. . . . . .
". . . Thus, unless there is a reasonable possibility that the improperly admitted evidence contributed to the conviction, reversal is not required. See Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705, 710, 24 A.L.R.3d 1065 (1967)."
The State argues that in this case there is "overwhelming" independent evidence of the guilt of Johnny Ray Herman and that the statement merely reiterated evidence that had already been introduced. The State did show by independent evidence that Johnny Ray Herman was with the car at the scene of the crime and at the scene of the accident. However, Warren Henry's statement is the only evidence that connects Johnny Ray Herman with the automobile before the robbery. Whether or not this is harmless error under the federal rule is therefore unclear. However, the State fails to note that the *325 harmless error rule now in effect in Louisiana is not the same as the federal rule. State v. Michelli, 301 So.2d 577 (La.1974), Louisiana Supreme Court Docket No. 54820. Under the Louisiana statutory rule (C.Cr.P. 921) this court must reverse the conviction if there is a substantial violation of a constitutional right or if there is a miscarriage of justice. This court cannot look behind the substantial violation of the constitutional rights of the accused to determine if other evidence overwhelmingly indicates his guilt. See State v. Michelli, supra, footnote 7. This court has no power to review the facts or weigh the evidence in a criminal case. We therefore cannot constitutionally determine whether the other evidence "overwhelmingly" indicates the guilt of the accused. A substantial constitutional right of the accused was violated when the State introduced the statement of his co-defendant into evidence. Under our Code of Criminal Procedure the conviction must therefore be reversed and a new trial held.
The conviction and sentence are reversed.
SANDERS, C. J., dissents.
SUMMERS and MARCUS, JJ., dissent and assign reasons.
SUMMERS, Justice (dissenting).
In my view there was overwhelming and uncontradicted evidence of defendant's guilt, independent of the inculpatory statement introduced by the State. The two victims gave a positive identification of defendant in the act of committing the robbery. The license number of the getaway car was obtained by one of the victims. This was the car in which the victims saw defendant flee the scene. Shortly thereafter defendant was apprehended in that same car at the site of an accident in which the car was involved. Is more required? Schneble v. Florida, 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972).
There is no miscarriage of justice here. Furthermore, I do not agree that the Bruton violation referred to in the majority opinion was a substantial violation of a constitutional right under the facts of this case; nor do I agree that the harmless error rule is limited as the majority holds.
I respectfully dissent.
MARCUS, Justice (dissenting).

Assuming a Bruton violation, I am of the opinion that the error was harmless. Article 921, La.Code Crim.P.; Schneble v. Florida, 405 U.S. 427, 92 S.Ct. 1056, 31 L. Ed.2d 340 (1972); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). The victim and two other eye witnesses to the robbery made positive identifications of the accused at the time of trial. The get-away car was described by two of these witnesses; the license plate number was obtained by a witness at the robbery scene and transmitted to the police. The same vehicle was involved in an automobile accident about two hours later and five miles from the location of the robbery. Defendant was arrested from this vehicle at the automobile accident location. The statement of co-defendant Warren Henry introduced into evidence revealed that he was the owner of the vehicle in question. His only reference to Herman was that he picked up Herman in his car on the day of the robbery, shortly before the time it occurred, whereupon Henry got into the back seat and fell asleep. Herman drove off. The next thing Henry remembered was the wreck. When he awakened, he fled the scene of the accident because he did not have any insurance or brake tag. Prior to this leaving the scene, he saw Herman sitting in the front seat on the passenger side of his automobile with his head down. Henry stated that he did not know whether Herman had committed the robbery while he was asleep on the back seat of the car. It is my view that the mere finding of a violation of the Bruton rule in the course of a trial does not automatically require reversal *326 of the ensuing criminal conviction. From my appreciation of the entire record, the evidence of guilt is so overwhelming by the positive identifications of Herman by three witnesses at the scene of the crime, as well as the description of the vehicle, that the improper use of Henry's statement with reference to defendant's presence in the vehicle prior to and after the time of the robbery constitutes harmless error. Article 921, La.Code Crim.P.; Schneble v. Florida; Chapman v. California. Accordingly, I respectfully dissent.