375 So.2d 76 (1979)
STATE of Louisiana
v.
John P. KIMBLE.
No. 64122.
Supreme Court of Louisiana.
September 4, 1979.
Concurring Opinion October 10, 1979.
*77 Walter L. Sentenn, Jr., Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Marvin Opotowsky, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Defendant, John P. Kimble, was charged by bill of information with two counts of cruelty to a juvenile, violations of R.S. 14:93 (1968). After a jury trial, verdicts of not guilty as to the first count and guilty as charged as to the second count were returned. Kimble was sentenced to serve two years at hard labor. On this appeal of the conviction and sentence, defendant relies on eighteen assignments of error. Because we find merit in assignments nineteen and twenty-four, we find it unnecessary to consider the remaining assignments.
Defendant, at the time of trial married to the mother of the girl whose mistreatment formed the basis of the charge against him, was the mother's boyfriend at the time he purportedly abused the child. After the child's condition came to the attention of juvenile authorities, the Juvenile Court was *78 petitioned to take formal jurisdiction over the child. In the petition it was alleged by an employee of the Division of Family Services that the child ". . . is abused by John Kimble. . . ."[1] Pursuant to that petition the juvenile court ordered that "[p]ending the completion of charges filed in Criminal District Court against John Kimble, the child . . . is prohibited from visitations with the said John Kimble.. . ."[2] The petition containing the sworn allegations that defendant abused the child and that the mother's care was inadequate and the order prohibiting contact between defendant and the child and providing for controlled visits between mother and child were read to the jury and admitted into evidence over defendant's objection. Assignment of error nineteen complains that the trial court erred in admitting these two documents into evidence.
In response to defendant's objection the state urged that the petition and the order were official court records impressed with the seal of the clerk of court and that the documents were being offered to impeach testimony of the child's mother to the effect that hers was a happy home and that it was the prosecutor who caused the child to be taken away from her.
This documentary evidence, to the extent that it tended to prove, or show, that the child was "abused by John Kimble" (the social worker alleges same in the petition) is hearsay. Furthermore, the juvenile court judge's determination, by implication, that defendant had indeed abused the child is not only hearsay in the form in which it is presented, but is in the nature of an opinion or finding by a judicial officer, the admissibility of which must rest upon some evidentiary rule or statute other than that the document is a public record.
Authenticity and certification are not sufficient by themselves to render a document admissible. Documentary evidence offered to show the truth of the matters asserted therein may be introduced only if admissible as an exception to the hearsay rule or if expressly made admissible by statute. State v. Martin, 356 So.2d 1370 (La.1978).
The juvenile court order, or implied judicial finding, is a public document, but it does not meet the public document exception to the hearsay rule because it is not admissible for a relevant and proper purpose, an additional and essential requirement. See State v. Nicholas, 359 So.2d 965 (La.1978).[3] Neither is the document one which is specifically made admissible in a criminal proceeding such as this one by any statute of which we are aware or to which our attention has been called.
The state's argument that the documents were relevant to impeach the testimony of the child's mother that hers was a happy home and that the prosecutor had caused the child to be taken from her is likewise without merit. Whatever the arguable right of the state to impeach the *79 mother's testimony to the foregoing effect[4] it surely cannot be countenanced where as here the documents expose to the jury information not otherwise admissible and severely prejudicial to the defendant.[5]
We therefore find reversible merit in this assignment.
A second error of reversible proportions is presented by assignment twenty-four. The child's mother testified that she did not know how the daughter was injured and had not made prior statements inconsistent with that assertion. In order to impeach that testimony the state presented the testimony of a social worker who stated that the mother had told him that the defendant abused the child. Defendant requested that the court strike the social worker's testimony and/or give cautionary instructions to the jury with regard to the limited effect of impeachment testimony. The court declined to grant defendant's motion.
In State v. Ray, 259 La. 105, 249 So.2d 540 (1971) this Court recognized that a witness' prior inconsistent statement incriminating the defendant is relevant only to the witness' credibility and is not to be construed as substantive evidence of defendant's guilt. In Ray we did require that defendant specifically request an instruction regarding this limited use of the witness' prior inconsistent statement incriminating the defendant in order to avail himself of its omission. In this case defendant did so request the limiting instruction and the state so concedes. The trial court's failure to caution the jury to restrict its use of the impeaching evidence, confining it to the issue of the witness' credibility, not the defendant's guilt, was error. Along with the meritorious assignment of error number nineteen it warrants reversal of this defendant's conviction and sentence.

Decree
For the foregoing reasons, the defendant's conviction and sentence are reversed, and the case remanded for a new trial.
REVERSED AND REMANDED.
DENNIS, J., concurs with reasons.
DENNIS, Justice, concurring.
This case points out again the frailties of the "public document" exception to the hearsay rule adopted in State v. Nicholas, 359 So.2d 965 (La.1978). If the majority in the instant case had not found the juvenile court petition and order irrelevant, it would have approved their introduction in this criminal trial. Thus, a jury conceivably may be allowed to convict an accused of a felony carrying a maximum penalty of ten years in Angola based in part on a social worker's affidavit filed in a juvenile court stating that he abused a child. The State v. Nicholas "public document" exception is far too broad because it effectively deprives an accused of his right to confront and cross-examine the witnesses against him. The exception should be restricted at least to the proportions recognized by the common law; the facts recorded, to be admissible, must be within the personal knowledge of the certifying official entrusted with the legal duty to make such record based upon first-hand knowledge of the facts recorded. See State v. Nicholas, 359 So.2d 965, 971 (La.1978) (concurring opinion); 5 Wigmore, Evidence, § 1635(3) (Chadburn Ed. 1972).
NOTES
[1] The petition also alleged that the child's mother ". . . is unable and/or unwilling to provide her with the proper care, supervision and protection necessary for her well-being."
[2] The order also required that the guardian to whom the child's care was entrusted, the maternal grandmother, control the visits between the mother and child.
[3] In the Nicholas case the Court explained the "public document" exception to the hearsay rule in this language:

"This exception is historically based upon the principles of necessity and the probability of trustworthiness. . . . The exception is founded primarily upon the presumption that an individual entrusted with a duty will do his duty and make a correct statement . . . . [E]vidence so introduced [as a "public document" exception to the hearsay rule] must be admissible for some relevant and proper purpose, and the trial court must scrutinize such offerings so as to limit their introduction in accordance with this (especially in jury trial situations). Further, upon any indicia of unreliability being shown, the trial judge has the discretion to reject the evidence . . . and should exercise it, in order to assure that the probability of trustworthiness is so great as to justify the document's introduction as an official record under this exception to the hearsay rule." 359 So.2d at 968-69.
[4] R.S. 15:494 provides:

"It is not competent to impeach a witness as to collateral facts or irrelevant matter." (emphasis added)
[5] Because defendant is not the child's parent, it is unlikely that he was actually a party to the juvenile court proceedings in connection with which the child was prohibited from visitations with him "[p]ending the completion of charges filed in Criminal District Court against . . . [him]." Therefore, the ". . . agreement of all parties concerned . . ." which was considered by the juvenile judge along with "all the evidence in this matter and the result of investigations . . ."in determining that the child was in need of the care and protection of that court probably was not one in which defendant concurred. The petition and order do not indicate that there existed in the juvenile court proceedings an opportunity for Kimble to confront or cross-examine his "accusers". More importantly, defendant's guilt was not the central issue in those proceedings. The chief concern was the welfare of the child.