384 So.2d 419 (1980)
STATE of Louisiana
v.
David DENIS.
No. 66228.
Supreme Court of Louisiana.
May 19, 1980.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for plaintiff-appellee.
Steven Lemoine, New Orleans, for defendant-appellant.
ELLIS, Justice Ad Hoc.
Defendant David Denis was found guilty of simple burglary in violation of R.S. 14:62.2 on April 12, 1979, and he has appealed. He assigns as error the failure of the trial judge to instruct the jury that evidence of a witness's prior inconsistent statement *420 may be considered only to impugn his credibility and not as evidence of the guilt of the accused.
Arthur Francois, the defendant's brotherin-law, was called as a witness for the defense. Francois had been charged with the same burglary as defendant, and, prior to the trial herein, had pled guilty thereto. At the trial, Francois testified that defendant had not participated in the burglary, although he was with Francois later in the day. On cross examination, Francois was questioned about a statement allegedly made to the arresting officer that defendant had been a participant. Francois denied having made such a statement. The arresting officer took the stand on rebuttal and testified that Francois had told him that defendant was a participant in the burglary. All of the above testimony was admitted without objection by the defendant.
At the conclusion of the officer's testimony, the defense requested that the court instruct the jury that the effect of the officer's testimony be limited to impeaching Francois's credibility, and not as an indication of defendant's guilt. The trial judge refused to give the requested instruction.
It is clearly the law of this State that prior inconsistent statements by a witness may be considered for impeachment purposes only, and not as substantive evidence of defendant's guilt. The failure to so instruct the jury, when requested to do so, constitutes reversible error. State v. Kimble, 375 So.2d 76 (La. 1979); State v. Ray, 259 La. 105, 249 So.2d 540 (La. 1971).
The State argues that the evidence of defendant's guilt is overwhelming, and that any error committed by the trial judge is harmless, under C.Cr.P. article 921. That article, as it read at the time of the trial herein, provides:
"A judgment or ruling shall not be reversed by an appellate court on any ground unless in the opinion of the court after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, is prejudicial to the substantial rights of the accused, or constitutes a substantial violation of a constitutional or statutory right."
There can be no doubt that a substantial right of the defendant was violated in this case when the judge refused to give the requested instruction. Under that circumstance, we cannot examine the "overwhelming" nature of the evidence of guilt. See State v. Michelli, 301 So.2d 577 (La. 1974); State v. Herman, 304 So.2d 322 (La. 1974); State v. Lemelle, 353 So.2d 1312 (La. 1977).
The conviction and sentence herein are therefore set aside, and the case remanded to the trial court for a new trial in accordance with law.
Reversed and remanded.
MARCUS, J., dissents.
BLANCHE, J., dissents being of the opinion that the error was harmless.