443 So.2d 652 (1983)
STATE of Louisiana, Plaintiff-Appellee,
v.
Jacqueline LASTRAPES, Defendant-Appellant.
No. CR83-397.
Court of Appeal of Louisiana, Third Circuit.
November 9, 1983.
*654 Anthony G. Terracina, Opelousas, for defendant-appellant.
Morgan J. Goudeau, III, Dist. Atty., and Donald Richard, Asst. Dist. Atty., Opelousas, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY and CUTRER, JJ.
GUIDRY, Judge.
The defendant, Jacqueline Lastrapes, was charged by bill of information with the crime of simple arson, a violation of LSA-R.S. 14:52. The defendant was tried before a twelve person jury, and was found guilty as charged. The defendant was sentenced to serve two years at hard labor.
On appeal, the defendant asserts that the trial court erred in (1) admitting into evidence a tape recorded statement given by the defendant to police officers; (2) finding that the State proved every essential element of the crime beyond a reasonable doubt; and, (3) imposing an excessive sentence.

FACTS
On October 19, 1981, at approximately 4:43 a.m., Officer Curley Lanclos of the Opelousas City Police Department observed a vehicle parked near the intersection of Bellvue and Liberty Streets in the city of Opelousas, Louisiana. Upon approaching the vehicle, he found the defendant, Jacqueline Lastrapes, lying on the front seat. In response to his inquiry, the defendant stated that she was having car trouble. Officer Lanclos suggested to her that she try the ignition. Upon doing so, she was able to start the car, and she then left the scene. Approximately one hour later, at 5:45 a.m., the police department was called to the scene of a house fire at 142 Liberty Street, very near the scene of Officer Lanclos' earlier encounter with the defendant. The defendant was thereafter picked up for questioning and arrested.
The defendant and her husband were the former owners of the house in question, which had been seized and sold at a sheriff's sale prior to this incident. In a tape recorded statement given to officers hours after the fire, the defendant stated that she had gone to the house to reminisce. While inside the house, she ignited a broom and left it inside the house and then she left. She denied, however, any intent to burn the house.

ASSIGNMENT OF ERROR NO. 1
The defendant contends that the trial court erred in admitting the tape recording of the statement made by her to police officers. In particular, the defendant urges that the recorded statement is inadmissible because:
(1) The State failed to give written notice of its intention to introduce the statement prior to the State's opening statement.
(2) The statement was not free and voluntary because it was made under duress and in reliance upon promises made by the investigating officer.
(3) The tape recording of defendant's statement was overlapped by the statement of another police suspect, obliterating other promises and inducements which may have been made by the investigating officer.
LSA-C.Cr.P. Art. 768 provides:
"Unless the defendant has been granted pretrial discovery, if the state intends to introduce a confession or inculpatory statement in evidence, it shall so advise the defendant in writing prior to beginning the state's opening statement. If it fails to do so a confession or inculpatory *655 statement shall not be admissible in evidence."[1]
In State v. Russell, 416 So.2d 1283 (La. 1982), U.S. cert. denied, ___ U.S. ___, 103 S.Ct. 309, 74 L.Ed.2d 288 (1982), the Supreme Court stated:
"The purpose of the statutory scheme of LSA-C.Cr.P. Arts. 766-768 was to prevent surprise and allow adequate time for the preparation of the defense, as well as to avoid certain problems that had been attendant to mentioning of confessions or inculpatory statements in the state's opening statement.3" (footnote omitted)
When the State fails to give the written notice required by LSA-C.Cr.P. Art. 768, the defendant is not prejudiced if he has actual notice of the State's intention by other means. State v. Williams, 416 So.2d 914 (La.1982); State v. Sneed, 316 So.2d 372 (La.1975).
In the instant case, the State did not give the defendant written notice of its intention to introduce the defendant's tape recorded statement into evidence. However, the record makes clear that the defendant was in no way surprised by the introduction of the statement. Prior to the introduction of the recording, defense counsel was examined out of the presence of the jury and admitted that he had listened to portions of the tape prior to trial at the invitation of the Assistant District Attorney. He also stated that the Assistant District Attorney told him at that time that he felt the statement contained an admission of guilt by the defendant. Under these circumstances, it is clear that the defendant was not surprised by the introduction of the statement, and she consequently suffered no prejudice.
The defendant also asserts that the statement was not free and voluntary because it was made under duress and inducements from the investigating officers. LSA-R.S. 15:451 provides:
"Before what purposes[2]to be a confession can be introduced in evidence, it must be affirmatively shown that it was free and voluntary, and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises."
In State v. Jackson, 414 So.2d 310 (La. 1982), the Supreme Court stated:
"The admissibility of a confession is in the first instance a question for the trial judge and his conclusions on the credibility and weight of the testimony relating to the voluntary nature of the statement will not be overturned unless they are not supported by the evidence." (citations omitted)
In the instant case, the investigating officer testified that no promises of any kind were made to the defendant to induce her to give the inculpatory statement. The officer, Roy Richard, did state that he told the defendant that he would advise the district attorney that the defendant had cooperated and ask him to look into the possibility of placing the defendant on probation. These statements do not render the statement inadmissible. In State v. Dison, 396 So.2d 1254 (La.1981), a deputy sheriff told the defendant that if he cooperated, the deputy would do what he could to help. In State v. Petterway, 403 So.2d 1157 (La.1981), the defendant was told by a deputy that the defendant would be better off if he cooperated. In State v. Jackson, supra, the defendant was told that any cooperation on his part would be brought to the attention of the district attorney. In all three cases, the Supreme Court held that the statements did not constitute disqualifying inducements. We find no error in the admission of the defendant's inculpatory statement, as the trial court's finding of voluntariness is clearly supported by the evidence.
*656 The defendant further alleges that portions of the defendant's statement were erased by the taping of the statement of another police suspect, and that other promises which may have been made by officers were obliterated. This contention has no support in the record. The complete transcript of the recorded statement is contained in the record. The continuity and completeness of the transcript show that no portions thereof were erased. This assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 2
The defendant contends that the trial court erred in finding that the State had proved every element of the crime. Specifically, she contends that the State did not prove that the damage to the house was done without the consent of the owner.
At the time the house was damaged, it belonged to the John Haas Weinstein Trust and the Peter J. Losavio, Jr. Trust. Mrs. Charlotte Weinstein testified that it was within her personal knowledge that the owner of such property did not give the defendant permission to set fire to the house. The defendant contends that only the trustees were competent to give testimony regarding this element, and that as such, non-consent, an essential element of the crime, was not proven.
In State v. Perry, 408 So.2d 1358 (La.1982), the Supreme Court faced a similar issue in a case dealing with simple criminal damage to property. LSA-R.S. 14:56. The crimes of simple arson and simple criminal damage to property are alike in the sense that they both require that the damage be done without the consent of the owner. With regard to the element of consent, the court stated:
"In this case, proof that damage to a house was inflicted without the consent of the person living in the house is sufficient to establish lack of consent of the owner. Additionally, we note that lack of consent of an owner to malicious vandalism of an owner's property can often be inferred circumstantially from the evidence presented, and such is the only reasonable inference under the evidence presented in this case."
In the instant case, the record shows that Mrs. Weinstein was clearly in a position to know whether the trustees gave permission to the defendant to burn the house. Furthermore, as in Perry, the lack of consent to the arson may be inferred circumstantially from the evidence presented. This assignment lacks merit.

ASSIGNMENT OF ERROR NO. 3
By this assignment, the defendant contends that the sentence imposed is excessive. In particular, she contends that there was no proof that the damage to the house exceeded $500.00, and that the trial judge thus erred in imposing sentence pursuant to LSA-R.S. 14:52.
In the instant case, it was stipulated by defense counsel that insurance proceeds of $40,000.00 were paid to reimburse the trust for the physical damage incurred as a result of the fire. Additionally, there was ample testimony by investigators that the damage to the house was severe. It was clearly proven that the damage to the house exceeded $500.00. There was no error in the imposition of sentence pursuant to LSA-R.S. 14:52, and as the sentence of two years imposed by the trial judge is the minimum sentence under the statute, such sentence is clearly not excessive. This assignment lacks merit.
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs. See my concurring opinions in State v. Goodman, 427 So.2d 529 (La.App.1983) and State v. Vallare, 430 So.2d 1336 (La.App.1983).
NOTES
[1] The 1982 amendment to this article (Act 735 of 1982) added "Unless the defendant has been granted pretrial discovery,". This amendment became effective on September 10, 1982. This matter was tried on December 8, 1982.
[2] Should be "purports". State v. Joseph, 46 So.2d 118 (La.1950).