KING, Judge.
The issues presented by this appeal are whether or not the trial court erred in evidentiary rulings during the trial; whether or not the trial court erred in failing to give defendant’s requested special jury charges; whether or not there was sufficient evidence upon which to base the conviction; and whether or not the trial court imposed an unconstitutionally excessive sentence upon the defendant.
The defendant, Daniel Sams (hereinafter sometimes referred to as the “defendant”), was charged by Bill of Information with distribution of a controlled dangerous substance, to-wit: marijuana, in violation of LSA-R.S. 40:966(A)(1). On March 11-12, 1985, the defendant was tried by a twelve-person jury and found guilty as charged. A pre-sentence investigation and report was ordered. On May 31, 1985, a sentenc *480 ing hearing was held and defendant was sentenced to serve five (5) years at hard labor with the Louisiana Department of Corrections. The defendant now appeals his conviction and sentence, urging six assignments of error. We reverse the conviction, set aside the sentence, and remand the case to the trial court for a new trial.
FACTS
On April 28, 1984, a deputy with the Natchitoches Parish Sheriff’s Office, Leonard Jones, was retained by Vernon Parish . Deputy Malcolm Dale Miller to work undercover and investigate drug operations in Vernon Parish, Louisiana. On that date, at approximately 7:30 P.M., the two deputies met at the Leesville General Hospital and Deputy Miller gave Deputy Jones a sum of money to make undercover drug purchases.
Deputy Jones then drove to an area in Leesville, Louisiana known as the “Crossing.” After several trips through that area, he met an individual by the name of Charles Scott at approximately 11:05 P.M. At that time Scott was walking on the left side of the Big Casino Club when Deputy Jones, who was in his car, called out to him. Scott walked over to Deputy Jones’ car and Deputy Jones informed him that he was trying to purchase marijuana.
After they talked, Scott then walked away from Deputy Jones’ car and headed towards the Big Casino Club. Approximately ten to twelve yards away from the car, Scott called out to and motioned to a black male, who Deputy Jones testified was the defendant, who then went to meet Scott. Deputy Jones then drove his car closer to the two men. Deputy Jones saw the defendant remove a bag of a substance from his hat and give it to Scott who then brought it to Deputy Jones, who had remained in his car. Deputy Jones paid Scott $20.00 in exchange for the bag. Laboratory tests later revealed that substance in the bag to be marijuana. The defendant was later arrested and charged in connection with this drug transaction. After trial the defendant was convicted and then sentenced.
On appeal the defendant alleges as assignments of error that:
(1) The trial court erred in allowing Deputy Leonard Jones to testify as to hearsay statements made by Charles Scott;
(2) The trial court erred in failing to allow a defense witness, Charles Scott, to testify about his prior consistent statements after the State had impeached him by use of a prior inconsistent statement;
(3) The trial court erred in failing to give defendant’s special requested jury charge No. 1;
(4) The trial court erred in failing to give defendant’s special requested jury charge No. 2;
(5) The trier of fact erred in convicting defendant as there was not sufficient evidence upon which to base a conviction; and
(6) The trial court erred in imposing an excessive sentence upon defendant.
As we find merit in the defendant’s assignment of error Number 4, which requires a reversal of the defendant’s conviction and sentence, we will not discuss the defendant’s other assignments of error.
ASSIGNMENT OF ERROR NUMBER 4
The defendant alleges that the trial court erred in failing to give a requested jury instruction after a defense witness, Charles Scott, was questioned by the State concerning a prior inconsistent statement for the purpose of impeaching his credibility.
At trial, Scott testified on direct examination for the defense that he knew of the defendant, that he did not “party” with him, and that on the night in question he got the marijuana that he sold Deputy Jones from a man named “Slim” and not from the defendant. On cross-examination by the State, Scott denied that he had told a police officer on the day of his arrest that he had been selling marijuana for Daniel Sams, but then later admitted that he had made the statement, claiming that he had lied because he was afraid. At the time Scott gave this testimony, the defense did *481 not make a request that the trial court instruct the jury that the effect of Scott’s prior out-of-court contradictory statement inconsistent with his testimony was to be limited to the purpose of impeaching his credibility and was not to be considered as proof of the facts contained in this inconsistent statement. However, the defense did request that special jury charge Number 2 be given to the jury, before they retired to deliberate on the defendant’s guilt, which stated that:
“Prior statements made by a witness which are contradictory inconsistent with his testimony in court are admissible for purposes of impeaching the crediability [sic] of that witness but are not to be considered as proof of the facts contained in those prior inconsistent or contradictory statements.”
The trial judge refused to give this requested jury instruction stating that he was of the opinion that this statement was misleading and would require qualification, limitation, or explanation. No instruction was given by the trial judge to the jury about the effect to be given the witness’ prior contradictory inconsistent statement.
LSA-C.Cr.P. art. 807 provides in pertinent part:
“A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given.”
The court is required to give a limiting instruction regarding the use of prior contradictory inconsistent statements used for the purpose of impeachment of a witness’ credibility when the defendant makes such a request. State v. White, 450 So.2d 648 (La.1984); State v. Laprime, 437 So.2d 1124 (La.1983); State v. Ray, 259 La. 105, 249 So.2d 540 (1971). The defendant is correct when he asserts that a prior inconsistent statement of a party’s own witness cannot be admitted as substantive evidence of the truth of its contents, but that the effect of the inconsistent statement’s admissibility is limited to its effect on impeaching the credibility of the witnesses. State v. Denis, 384 So.2d 419 (La.1980); State v. Boyd, 359 So.2d 931 (La.1978) and cases cited therein; State v. Rocco, 222 La. 177, 62 So.2d 265 (1952) and cases cited at Footnote 3 therein.
As the Louisiana Supreme Court stated in the case of State v. Denis, supra, where the defense had made a request that the court instruct the jury that the effect of testimony of a prior inconsistent statement of a witness was to be limited to impeaching the credibility of that witness, and not as an indication of the defendant’s guilt, and where the trial judge refused to give the requested instruction:
“It is clearly the law of this State that prior inconsistent statements by a witness may be considered for impeachment purposes only, and not as a substantive evidence of defendant’s guilt. The failure to so instruct the jury, when requested to do so, constitutes reversible error. State v. Kimble, 375 So.2d 76 (La.1979); State v. Ray, 259 La. 105, 249 So.2d 540 (La.1971).” State v. Denis, 384 So.2d 419, at page 420 (La.1980).
Even though the defense did not request the trial judge to instruct the jury on the limited import of impeachment testimony at the time the witness admitted his prior contradictory statement inconsistent with his testimony, but rather requested such an instruction before the jury was to be charged on the applicable law before retiring to begin deliberations, the fact that the trial court refused to give such a limiting instruction to the jury constitutes reversible error requiring that the defendant’s conviction and sentence be set aside.
While it might be argued that the evidence of the defendant’s guilt is overwhelming, and that the error committed by the trial judge is harmless error under the provisions of Louisiana Code of Criminal Procedure art. 921, the Louisiana Supreme Court has clearly held that the failure to give a limiting instruction about prior inconsistent statements of a witness constitutes a substantial violation of a statutory *482 right and is not harmless error. As the Louisiana Supreme Court stated in State v. Denis, supra:
“There can be no doubt that a substantial right of the defendant was violated in this case when the judge refused to give the requested instruction. Under that circumstance, we cannot examine the ‘overwhelming’ nature of the evidence of guilt. See State v. Michelli, 301 So.2d 577 (La.1974); State v. Herman, 304 So.2d 322 (La.1974); State v. Lemelle, 353 So.2d 1312 (La.1977).” State v. Denis, 384 So.2d 419, at page 420 (La.1980).
For the foregoing reasons, the defendant’s conviction and sentence herein are reversed and set aside, and the case is remanded to the trial court for a new trial in accordance with law.
REVERSED AND REMANDED.