615 So.2d 1036 (1993)
STATE of Louisiana
v.
Michael ROBERTSON.
STATE of Louisiana
v.
Michael ROBERTSON.
Nos. 92 KA 0339, 92 KA 0340.
Court of Appeal of Louisiana, First Circuit.
March 5, 1993.
Writ Denied June 18, 1993.
*1037 Stephen P. Callahan, Asst. Dist. Atty., Houma, for plaintiff and appellee, State of La.
Romona N. Wallis, Office of Indigent Defenders, Houma, for defendant and appellant, Michael Robertson.
Before CARTER, LEBLANC and PITCHER, JJ.
LEBLANC, Judge.
Defendant, Michael Robertson, was charged by bill of information with simple arson with damage less than $500, a violation of La.R.S. 14:52. He pled not guilty. After trial by jury, defendant was found guilty as charged. Thereafter, the State filed a habitual offender bill of information; and, after a hearing, defendant was adjudicated a fourth felony habitual offender. Defendant received a sentence of thirty years at hard labor, with credit for time served. He has appealed, alleging ten assignments of error, as follows:
1. The trial court erred in denying defendant's motion to quash.
2. The trial court erred in overruling defendant's objection to irrelevant testimony concerning an unrelated altercation between defendant and the victim.
3. The trial court erred in overruling defendant's objection to the State's leading question.
4. The trial court erred in sustaining the State's objection to defendant's question.
5. The trial court erred in overruling defendant's objection to the State's question.
6. The trial court erred in overruling defendant's objection to the State's leading question.
7. The trial court erred in denying defendant's request for a jury instruction on prior inconsistent statements.
8. The trial court erred in denying defendant's motions for new trial and post-verdict judgment of acquittal.

*1038 9. The trial court erred in adjudicating defendant a fourth felony habitual offender.
10. The trial court erred in imposing an excessive sentence.
Assignments of error numbers 3 through 6 were not briefed on appeal and, therefore, are considered abandoned. Uniform RulesCourts of Appeal, Rule 2-12.4.

FACTS
In December of 1990, defendant was living with the victim, Emily Poindexter, in her apartment on Senator Circle in Houma, Louisiana. A few days before Christmas, defendant and the victim apparently had a fight or argument. On Christmas night, the victim's son, Cleveland Poindexter, also had a fight with defendant outside the apartment. Apparently, defendant was trying to break some glass, and a fight erupted when defendant approached Cleveland Poindexter with something in his hand.
In the early morning hours of December 26, 1990, Cleveland Poindexter was returning home when he noticed a liquid on the victim's car. When he approached the car, he smelled the odor of gasoline. He went to his aunt's house to call the police. When he returned outside, the victim's car was on fire.
Meanwhile, Senetra Mack, who lived nearby, was walking past the victim's apartment when she observed defendant holding some paper which was on fire. She watched as defendant placed the burning paper on the victim's car. When the victim's car caught on fire, defendant ran from the scene. Although Miss Mack did not know defendant personally and did not know his name, she knew him "from the streets". She subsequently learned his name and, in a written statement given to Sgt. John Arcement of the Houma Police Department, Miss Mack was able to identify defendant by name as the perpetrator of this offense.
The victim, Emily Poindexter, suffered a stroke and died approximately four months before the instant trial. At the trial, the above facts were established through the testimony of Cleveland Poindexter and Senetra Mack. Additionally, Farrell White, a Fire Inspector with the Houma Fire Department, testified that his examination of the victim's car led to the conclusion that some type of petroleum based accelerant, such as gasoline, was used in this fire. Inspector White testified that, from his examination of the vehicle and the information he received from witnesses, he believed that the fire was arson related.
Defendant did not testify at trial, nor did the defense produce any witnesses.

ASSIGNMENT OF ERROR NO. ONE
In this assignment of error, defendant contends the trial court erred in denying his motion to quash.
The motion to quash is essentially a mechanism by which to raise pretrial pleas of defense, i.e., those matters which do not go to the merits of the charge. See La. C.Cr.P. arts. 531-534. It is treated much like an exception of no cause of action in a civil suit. State v. Perez, 464 So.2d 737, 739 (La.1985).
In considering a motion to quash, a trial court must accept as true the facts contained in the bill of information and in the bills of particulars and determine, as a matter of law and from the face of the pleadings, whether or not a crime has been charged. While evidence may be adduced, such evidence may not include a defense on the merits. The question of factual guilt or innocence of the offense charged is not raised by the motion to quash. State v. Beauchamp, 510 So.2d 22, 25 (La.App. 1st Cir.), writ denied, 512 So.2d 1176 (La.1987).
The instant offense occurred on December 26, 1990. The victim, Ms. Poindexter, died in July of 1991. Thereafter, defendant filed this motion to quash the bill of information on the basis that, because the victim had died, it was impossible for the State to prove an essential element of simple arson, i.e., lack of consent of the owner. See La.R.S. 14:52 A. However, the sufficiency of the proof of this offense was a question for the jury to decide and *1039 was not properly raised in this motion. The trial court correctly denied this motion to quash, noting that the State might have other proof of this element of the offense.
This assignment of error is meritless.

ASSIGNMENT OF ERROR NO. TWO
In this assignment of error, defendant contends the trial court erred in overruling his objection to irrelevant testimony concerning an unrelated altercation between defendant and the victim.
La.Code of Evidence art. 401 provides:
"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.
La.Code of Evidence art. 403 provides:
Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time.
In questions of relevancy, much discretion is vested in the trial court. State v. Andrews, 451 So.2d 175, 178 (La.App. 1st Cir.), writ denied, 457 So.2d 17 (1984). Such rulings will not be disturbed on appeal in the absence of a showing of manifest abuse of discretion. State v. Raymond, 447 So.2d 51, 54 (La.App. 1st Cir.), writ denied, 449 So.2d 1347 (1984).
In his brief to this Court, defendant contends that testimony of the victim's son, Cleveland Poindexter, relative to a prior altercation between his mother and defendant, was both irrelevant and prejudicial. We disagree. The fact that defendant and the victim had a fight clearly tended to establish a motive for defendant's act of setting fire to the victim's car. Although Cleveland Poindexter testified that defendant and the victim were having an argument "days before" the instant offense occurred, this time factor did not render the evidence of the prior altercation inadmissible. Generally, the remoteness in time of prior difficulties or acts of violence between defendant and the victim only affects the weight of such evidence, not its admissibility. See State v. Martin, 458 So.2d 454, 459 (La.1984); State v. Thibeaux, 366 So.2d 1314, 1317 (La.1978); State v. Collins, 432 So.2d 369, 372 (La. App. 1st Cir.1983).
This assignment of error is meritless.

ASSIGNMENT OF ERROR NO. SEVEN
In this assignment of error, defendant contends the trial court erred in denying his request for a jury instruction on prior inconsistent statements. Specifically, defendant contends that both Cleveland Poindexter and Senetra Mack gave prior inconsistent statements. However, in his brief to this Court, defendant only refers to a particular portion of Senetra Mack's testimony which he contends was inconsistent with a prior statement that she made to the police in which she identified defendant as the perpetrator.
Prior inconsistent statements by a witness may be considered for impeachment purposes only, and not as substantive evidence of a defendant's guilt. State v. Denis, 384 So.2d 419, 420 (La.1980). Also see La.Code of Evidence Art. 607D(2). When a defendant requests a jury instruction on prior inconsistent statements, the trial court's failure to do so constitutes reversible error. State v. Denis, 384 So.2d at 420.
On direct examination, Miss Mack testified that she saw defendant set fire to the victim's car. She indicated that, at that time, she did not know defendant and did not know his name. She then testified that she spoke with Sgt. Arcement and informed him that defendant set fire to the victim's car. Although she did not know defendant's name, she found out when someone else told her defendant's name. Miss Mack again repeated that she was certain that she had correctly identified defendant as the perpetrator.
On cross-examination, Miss Mack's written statement to Sgt. Arcement was introduced into evidence as Defense Exhibit 1(D-1). D-1 provides, in pertinent part:

*1040 I WAS WALKING HOME WHEN I SAW MIKE ROBERTSON GO AROUND T-BOOTIES' CAR. WHEN HE GOT AROUND TO THE FRONT OF THE CAR HE THREW SOME ROLLED UP PAPER THAT WAS ON FIRE ON THE CAR. THE CAR THEN CAUGHT ON FIRE. MIKE RAN TOWARD THE LEFT TO THE NEXT PARKING LOT. I WENT HOME AND CHANGED INTO MY NIGHT CLOTHES. THE CAR WAS STILL ON FIRE SO I RAN DOWN THE STREET AND TOLD THE POLICE. I KNOW WHO (sic) MIKE ROBERTSON FROM THE STREETS. WHEN MIKE WAS STANDING BY THE CAR I SAW A JUG BY THE CAR ON THE GROUND.
Miss Mack identified her signature on D-1 and admitted that she gave the statement to Sgt. Arcement. She also testified that she never engaged in a conversation with defendant.
Defendant contends that D-1 was a prior inconsistent statement and, therefore, he was entitled to a jury instruction on the effect of prior inconsistent statements. We disagree. Miss Mack was age fourteen when she gave the statement contained in D-1 and age fifteen at the trial. She never denied making the statement contained in D-1; in fact, when shown this statement, she readily admitted making it. Miss Mack specifically testified that she never conversed with defendant and she did not know him. However, she also indicated that she was certain of her identification of defendant as the perpetrator. When she testified during direct examination that she did not know defendant's name, she was talking about the time period when the instant offense occurred. She further explained that she was able to tell Sgt. Arcement defendant's name because she found out defendant's name when someone else told her his name. Viewing Miss Mack's testimony as a whole, it is obvious that her statement that she knew defendant "from the streets" meant that she did not know him personally, but she knew him by sight. Accordingly, we conclude that D-1 did not contain a prior inconsistent statement and, therefore, the trial court did not err in denying defendant's request for a jury instruction on prior inconsistent statements.
For the above reasons, this assignment of error is meritless.

ASSIGNMENT OF ERROR NO. EIGHT
In this assignment of error, defendant contends the trial court erred in denying his motions for new trial and post-verdict judgment of acquittal. In his brief to this Court, in support of his assertion that the trial court should have granted a new trial, defendant cites all of the arguments relating to the previous assignments of error. Having found no merit in those assignments of error, we likewise find no merit to defendant's cumulation of errors argument.
Defendant also contends the trial court erred in denying his motion for post-verdict judgment of acquittal. Specifically, he contends that the evidence was insufficient to support the instant conviction.
The standard of review for the sufficiency of the evidence to uphold a conviction is whether or not, viewing the evidence in the light most favorable to the prosecution, a rational trier-of-fact could conclude that the State proved the essential elements of the crime beyond a reasonable doubt. See La.C.Cr.P. art. 821; State v. King, 563 So.2d 449, 456 (La.App. 1st Cir.), writ denied, 567 So.2d 610 (La.1990). The Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), standard of review incorporated in Article 821 is an objective standard for testing the overall evidence, both direct and circumstantial, for reasonable doubt. When analyzing circumstantial evidence, La.R.S. 15:438 provides that the factfinder must be satisfied the overall evidence excludes every reasonable hypothesis of innocence. State v. McLean, 525 So.2d 1251, 1255 (La.App. 1st Cir.), writ denied, 532 So.2d 130 (1988).
In his brief to this Court, defendant does not contest the fact that the victim's car was burned; nor does he contest his identification as the perpetrator. Instead, he simply argues that there was insufficient evidence to prove that the victim, *1041 Emily Poindexter, did not consent to this act of simple arson. As previously noted, the victim died before the trial and, therefore, was not able to testify that she did not give her consent to defendant to burn the car. However, the lack of consent to this act of arson may be inferred circumstantially from the evidence presented. See State v. Lastrapes, 443 So.2d 652, 656 (La.App. 3d Cir.1983).
The testimony of Cleveland Poindexter indicated that defendant was living with the victim in December of 1990. Apparently, "days before" the instant offense, defendant and the victim had a fight or argument. Additionally, defendant and Cleveland Poindexter also had a fight on Christmas night outside the Poindexter's apartment when defendant tried to break the glass and then approached Cleveland Poindexter with something in his hand. Several hours later when returning to his apartment, Cleveland Poindexter noticed a liquid on the victim's car. He approached the car and smelled the odor of gasoline. He went to his aunt's apartment and called the police. When he went back outside, the car was on fire. Given Miss Mack's identification of defendant as the perpetrator, and Cleveland Poindexter's testimony about a fight with defendant a few hours before the fire and another argument or fight between the victim and defendant "days before", the only reasonable inference presented from these facts is that defendant set fire to the victim's car to seek revenge and/or express anger against the victim and/or Cleveland Poindexter and that the victim did not consent to this act of simple arson.
After a careful review of the record, we believe that a rational trier-of-fact, viewing the evidence in the light most favorable to the prosecution, could have concluded that the State proved beyond a reasonable doubt, and to the exclusion of every reasonable hypothesis of innocence, that defendant committed the offense of simple arson with damage less than $500. Accordingly, the trial court correctly denied defendant's motion for post-verdict judgment of acquittal.
This assignment of error is meritless.

ASSIGNMENT OF ERROR NO. NINE
In this assignment of error, defendant contends the trial court erred in adjudicating him to be a fourth felony habitual offender. Defendant does not contest the proof of the three predicate felony convictions or his identification as the same person who committed these predicate convictions. Instead, he contends that he should have been adjudged a second felony offender because the three predicate convictions were entered on the same date. He also contends that the State failed to establish that the five year cleansing period provided in La.R.S. 15:529.1 C had not elapsed.
Defendant's three prior felony convictions all occurred in Terrebonne Parish. At the habitual offender hearing, the State introduced into evidence copies of the record in cases 174,430 (State Exhibit 2), 174, 432 (State Exhibit 3), and 174,433 (State Exhibit 4). State Exhibit 2 contained a bill of information charging defendant with theft between $100 and $500 committed on November 22, 1986. State Exhibit 3 contained a bill of information charging defendant with theft over $500 committed between August 14 and 15, 1987. Finally, State Exhibit 4 contained a bill of information charging defendant with theft over $500 committed on August 18, 1987. Minute entries contained in State Exhibits 2 and 4 indicated that on February 24, 1988, defendant pled guilty as charged to these three felony theft charges. Thereafter, defendant received a concurrent sentence of two years at hard labor for the theft between $100 and $500 conviction and two concurrent sentences of five years at hard labor for the two theft over $500 convictions; his fingerprints were applied to each of the three bills of information.
The instant offense occurred on December 26, 1990. Therefore, the documentary evidence introduced at the habitual offender hearing established that defendant committed the three predicate felony convictions and the instant conviction within a *1042 period of five years and, therefore, evidence as to defendant's discharge dates from prison for the three predicate felony convictions was unnecessary. There is no doubt that the documentary evidence introduced at the habitual offender hearing established that the five year cleansing period provided in La.R.S. 15:529.1 C had not expired.
William Null, the former Chief of Detectives of the Houma Police Department, was accepted by the trial court as an expert in fingerprint analysis. Mr. Null testified that a set of defendant's fingerprints was taken in his presence at the jail on the morning of the habitual offender hearing. These fingerprints were introduced into evidence as State Exhibit 1. Mr. Null compared these fingerprints to the fingerprints contained on the three bills of information in State Exhibits 2, 3, and 4, and concluded that they were taken from the same individual.
After a review of the testimony and the documentary evidence introduced at the habitual offender hearing, we find that the State introduced sufficient proof of defendant's habitual offender status. However, defendant correctly notes that all three of his guilty pleas to felony theft, which formed the basis for his adjudication as a fourth felony habitual offender, were entered on the same date. An examination of the bills of information contained in State Exhibits 2, 3, and 4 indicates that defendant committed three separate offenses on three different dates. Nevertheless, since these three convictions were entered on the same date, they lacked the proper sequencing to constitute more than one offense for purposes of La.R.S. 15:529.1. See State ex rel. Mims v. Butler, 601 So.2d 649 (La. 1992) (on rehearing). Therefore, we conclude that the trial court incorrectly adjudicated defendant to be a fourth felony habitual offender. Accordingly, the instant habitual offender adjudication and sentence are vacated, and the case is remanded with instructions that the trial court enter a judgment adjudicating defendant to be a second felony habitual offender. Thereafter, the trial court shall resentence defendant in accordance with La.R.S. 15:529.1 A(1).
Since we find merit in this assignment of error, it is unnecessary to consider defendant's excessive sentence argument raised in assignment of error number ten.
CONVICTION AFFIRMED; HABITUAL OFFENDER ADJUDICATION AND SENTENCE VACATED; REMANDED WITH INSTRUCTIONS.