353 So.2d 1312 (1977)
STATE of Louisiana
v.
Phil LEMELLE.
No. 60128.
Supreme Court of Louisiana.
December 19, 1977.
Rehearing Denied January 27, 1978.
Leonard K. Knapp, Jr., Cox, Cox & Knapp, Lake Charles, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Frank T. Salter, Jr., Dist. Atty., Adam L. Ortego, Jr., Asst. Dist. Atty., for plaintiff-appellee.
*1313 DIXON, Justice.
Defendant was convicted after trial by jury of armed robbery and sentenced to forty years imprisonment at hard labor, without benefit of probation, parole or suspension of sentence. On appeal he urges twelve arguments on assignments of error for a reversal of his conviction. Because we find merit in one of these assignments, defendant's conviction must be reversed.
In Assignment of Error No. 5 defendant argues that his motion to recuse the trial judge, the Honorable L. E. Hawsey, Jr., was improperly denied. The defendant was originally charged on January 28, 1975 by a joint bill of information together with Larry Fowlkes and Sylvester Jackson. On January 29, 1975 L. E. Hawsey, Jr., then a practicing attorney, was appointed to represent Sylvester Jackson. Jackson entered a plea of guilty on February 12, 1975 and was sentenced to serve ten years imprisonment. L. E. Hawsey, Jr. thereafter was elevated to the district bench, and, in February, 1977, presided over the trial of defendant Phil Lemelle. On the morning of the third day of trial, counsel for the defendant filed a motion to recuse Judge Hawsey, alleging grounds under C.Cr.P. 671(3). Judge Hawsey immediately recessed the trial and referred the motion to Judge Cecil C. Cutrer. After hearing the testimony of Judge Hawsey and defendant counsel Knapp, Judge Cutrer denied the motion. The defendant's trial thereafter resumed with Judge Hawsey continuing as the presiding judge.
Our task in properly resolving the issues presented by this assignment is three-fold: first, we must determine whether the motion to recuse was timely filed; second, if the motion was timely, we must decide whether its denial was error; and, finally, if the denial was error, it must be determined whether a reversal of the conviction is required.
C.Cr.P. 674 provides:
"A party desiring to recuse a trial judge shall file a written motion therefor assigning the ground for recusation. The motion shall be filed prior to commencement of the trial unless the party discovers the facts constituting the ground for recusation thereafter, in which event it shall be filed immediately after the facts are discovered, but prior to verdict or judgment. If a valid ground for recusation is set forth in the motion, the judge shall either recuse himself, or refer the motion for hearing to another judge or to a judge ad hoc, as provided in Article 675."
First, it must be noted that under the procedure employed by the Fourteenth Judicial District Court at the time of this trial, cases were not assigned to a specific judge until the day of trial. Thus no grounds for recusal would exist until the case was assigned.
Testimony at the trial of the motion indicates that neither Judge Hawsey nor defense counsel Knapp had an independent recollection of Judge Hawsey's appointment in the matter, that appointment having occurred nearly two years prior to trial. Knapp discovered the fact after the second day of trial when he came upon a notation made by his secretary in a case file containing the names of lawyers appointed to represent the individuals charged jointly with Lemelle. Knapp testified that he is not certain whether he ever had knowledge of the appointment, though it was possible that he had contacted Hawsey at that time. He testified that it was the practice of his office to have the secretary obtain the names of other counsel in the case and record it in the file. It is apparent that the motion to recuse was filed as soon as possible after the discovery of the facts constituting grounds for recusal, and therefore it was timely.
C.Cr.P. 671 provides:
"In a criminal case a judge of any court, trial or appellate, shall be recused when he:
(1) Is biased, prejudiced, or personally interested in the cause to such an extent that he would be unable to conduct a fair and impartial trial;
(2) Is the spouse of the accused, of the party injured, of an attorney employed in the cause, or of the district attorney; or *1314 is related to the accused or the party injured, or to the spouse of the accused or party injured, within the fourth degree; or is related to an attorney employed in the cause or to the district attorney, or to the spouse of either, within the second degree;
(3) Has been employed or consulted as an attorney in the cause, or has been associated with an attorney during the latter's employment in the cause;

(4) Is a material witness in the cause;
(5) Has performed a judicial act in the case in another court; or
(6) Would be unable, for any other reason, to conduct a fair and impartial trial.
In any cause in which the state, or a political subdivision thereof, or a religious body is interested, the fact that the judge is a citizen of the state or a resident of the political subdivision, or pays taxes thereto, or is a member of the religious body is not of itself a ground for recusation." (Emphasis added).
Judge Cutrer, in a per curiam to the assignment of error, stated essentially that because Judge Hawsey had no recollection of his appointment or of the case, no grounds for recusation were proved. The State argues that this reasoning is consonant with that expressed in State v. Maduell, 326 So.2d 820 (La.1976). In Maduell the defendant filed a motion to recuse the trial judge alleging bias, prejudice and interest because he had previously prosecuted the defendant on a different offense while serving as an assistant district attorney. This court held that the defendant had not demonstrated grounds under C.Cr.P. 671(1) sufficient to require the recusal of the trial judge. The present case is distinguishable in that recusation was sought under the provisions of C.Cr.P. 671(3). That section, when read with the mandatory "shall" used in the opening paragraph of article 671, requires recusal upon the mere showing of employment in the cause. There is no reference to whether that employment was of such consequence as to prejudice the judge, nor is there any requirement that the defendant show actual prejudice. The article simply and clearly states that the trial judge shall be recused when he has been employed as an attorney in the cause. The legislature, by providing for a mandatory recusal in this situation, has apparently concluded that the appearance of impartiality, as well as impartiality itself, outweighs the inconvenience caused by the recusal of the trial judge. Therefore, because of his prior representation of a defendant jointly charged with the same offense, Judge Hawsey should have been recused upon the motion of the defendant.
C.Cr.P. 921 provides:
"A judgment or ruling shall not be reversed by an appellate court on any ground unless in the opinion of the court after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, is prejudicial to the substantial rights of the accused, or constitutes a substantial violation of a constitutional or statutory right." (Emphasis added).
The error in the present case may not be considered harmless, because the defendant was denied the statutory right provided by C.Cr.P. 671(3). When the error is a substantial violation of a constitutional or statutory right, there is no "harmless error" doctrine in Louisiana which might prevent a reversal. State v. Michelli, 301 So.2d 577 (La.1974); State v. Herman, 304 So.2d 322 (La.1975); State v. Murphy, 309 So.2d 134 (La.1975); State v. Green, 315 So.2d 763 (La.1975).
While we find reversible error in the assignment discussed above, another of defendant's assignments bears comment. In Assignment of Error No. 1 defendant complains of the denial of a motion to quash the petit jury venire. The motion alleged the improper selection of the venire.
Judge Hawsey, the trial judge, described the method used for jury selection in his per curiam to the assignment of error:
". . . on January 7, 1977, we issued a joint order summoning ninety (90) prospective petit jurors for service during the week commencing February 22, 1977. There was quite a number of cases fixed for trial on that date. Judge Yelverton and I decided that he would hear any *1315 excuses of prospective jurors commencing at 10:00 A. M. in one courtroom and then commence the first trial. While he was doing that, I held court in another courtroom, taking pleas and holding plea bargaining conferences. In the afternoon I was ready to commence a trial and twenty (20) names were drawn from the venire box which was brought from Judge Yelverton's courtroom. The twenty (20) names were placed in a separate box and the prospective jurors were drawn from this second box until it was exhausted. At that time, Judge Yelverton had completed the selection of his jury and I used the first box to complete the selection of the jury after having put into the box the names of anyone who had been challenged in Judge Yelverton's court. As a result, some of the persons who served on the Lemelle jury had been challenged in Judge Yelverton's court."
While defense counsel's arguments on the assignment do not reveal reversible error, he does correctly point out that Code of Criminal Procedure articles 783-785 apparently contemplate a separate venire for each section of criminal court. However, the procedure employed by the court is not unlike that provided in C.Cr.P. 785 for the replenishment of a depleted or nearly depleted venire. Because the accused has no right to a trial by a particular jury or juror, but only to a trial by a competent, impartial jury, no reversible error is shown. State v. Stephenson, 291 So.2d 767 (La.1974); State v. Preece, 270 So.2d 850 (La.1973). Nevertheless, drawing a separate venire for each section would obviate a repetition of objections here raised.
For the reasons assigned in the discussion of Assignment No. 5, defendant's conviction is reversed and the case is remanded for new trial.