635 So.2d 512 (1994)
STATE of Louisiana
v.
Frederick SMITH.
No. Cr93-1385.
Court of Appeal of Louisiana, Third Circuit.
April 6, 1994.
Morgan J. Goudeau III, Opelousas, for State.
David Randal Wagley, Opelousas, for Frederick P. Smith.
Before GUIDRY, C.J., LABORDE, J., and CULPEPPER[*], J. Pro Tem.
GUIDRY, Chief Judge.
On July 17, 1992, the defendant, Frederick Smith, was charged by bill of information with the June 4, 1992 crime of possession of cocaine, a violation of La.R.S. 40:967(C). On February 18, 1993, after having been fully informed of his rights, defendant entered a plea of guilty before Judge Robert Jackson. The court delayed sentencing pending receipt of a presentence investigation report (PSI). On July 16, 1993, the defendant appeared before Judge Alonzo Harris for sentencing. On that date, Judge Harris, after a specific finding that defendant was a second offender and thus ineligible for probation under La.C.C.P. art. 893, sentenced the defendant to serve two years at hard labor, the sentence being made to run concurrent with a sentence received by defendant two days previous in Division A of the same court.[1]
No written motion to reconsider sentence was filed. However, at the time of sentencing, defendant, through counsel, informed the court that he disagreed with the classification of defendant as a second offender and, insofar as such classification may have bearing on the sentence imposed, informed the court that he planned to appeal that issue. Although *513 defendant filed no written motion to reconsider sentence, we conclude that counsel's oral objection to sentence, as set forth above, preserved the issue for appellate review. See State v. Caldwell, 620 So.2d 859 (La.1993).

ERRORS PATENT
Pursuant to La.C.Cr.P. art. 920, we have reviewed the record in this case for errors patent. Our review discloses an error patent, which we conclude requires a reversal of the defendant's sentence and a remand for resentencing.
The minutes of the trial court reflect that, on July 17, 1992, the defendant was present in court for arraignment. At arraignment, defendant was represented by Mr. Alonzo Harris, who was standing in for defendant's attorney, Mr. Randy Wagley. At arraignment, Mr. Harris, on behalf of the defendant, waived formal arraignment and the reading of the bill of information and entered a plea of not guilty to the crime of possession of cocaine. Thereafter, Mr. Harris was elected as district judge of the Twenty-Seventh Judicial District Court and was sworn into office prior to July 16, 1993. On July 16, 1993, the defendant appeared before Judge Harris and was sentenced to serve two years at hard labor. We conclude that, under the circumstances, Judge Harris should have recused himself sua sponte and his failure to do so requires a reversal of the sentence imposed and a remand for resentencing.
La.C.Cr.P. art. 671 provides in pertinent part
A. In a criminal case a judge of any court, trial or appellate, shall be recused when he:
* * * * * *
(3) Has been employed or consulted as an attorney in the cause, or has been associated with an attorney during the latter's employment in the cause;
Article 671 requires that a judge shall be recused when he has been employed or consulted as an attorney in the case. Article 672 provides that a judge may recuse himself, whether a motion for his recusation has been filed by a party or not, in any case in which a ground for recusation exists. La.C.Cr.P. art. 673 states that a judge has full power and authority to act even though a ground for recusation exists, until he is recused, or a motion for his recusation is filed. The interplay of these articles becomes an issue in a case such as this where there is an obvious and valid ground for recusation of a judge but neither the judge sua sponte recuses himself nor the attorney requests his recusal.
Our review of pertinent jurisprudence prompts our conclusion that, under the particular circumstances of this case, the failure of the trial judge to recuse himself sua sponte constitutes patent error which requires a reversal of the defendant's sentence and a remand for resentencing before another judge of the Twenty-Seventh Judicial District Court.
In State v. Lemelle, 353 So.2d 1312 (La. 1977), the Louisiana Supreme Court reversed and remanded a conviction on the grounds that the District Court Judge L.E. Hawsey, Jr. should have been recused from the case. In Lemelle the defendant was originally charged by a joint bill of information together with two others. L.E. Hawsey, Jr., then a practicing attorney, was appointed to represent Sylvester Jackson, one of the others charged in the joint bill. Jackson entered a plea of guilty and was sentenced to serve ten years imprisonment. Thereafter, L.E. Hawsey, Jr. was elevated to the district bench and, in February 1977, presided over the trial of Lemelle. During trial, defense counsel filed a motion to recuse Judge Hawsey, alleging grounds for his recusal existed under La.C.Cr.P. art. 671(3). Judge Hawsey immediately recessed trial and referred the motion to Judge Cecil C. Cutrer. After hearing testimony from Judge Hawsey and defense counsel, Leonard Knapp, Judge Cutrer denied Lemelle's motion. Trial resumed with Judge Hawsey continuing as the presiding judge.
In reviewing Lemelle's conviction, the court noted that La.C.Cr.P. art. 671(3) when read with the mandatory "shall" used in the opening paragraph of article 671, requires recusal upon the mere showing of employment in the cause. The court stated:

*514 There is no reference to whether that employment was of such consequence as to prejudice the judge, nor is there any requirement that the defendant show actual prejudice. The article simply and clearly states that the trial judge shall be recused when he has been employed as an attorney in the cause. The legislature, by providing for a mandatory recusal in this situation, has apparently concluded that the appearance of impartiality, as well as impartiality itself, outweighs the inconvenience caused by the recusal of the trial judge.
Lemelle at p. 1314. As a result, the court concluded that because of his prior representation of a defendant jointly charged with the same offense, Judge Hawsey should have been recused upon the motion of the defendant.
Although in the instant case there was no motion to recuse Judge Harris, we believe that the interests of justice and the avoidance of impropriety require a reversal of sentence and a remand for resentencing.
In State v. Browning, 475 So.2d 90 (La. App. 2d Cir.1985), writ. granted, 483 So.2d 1008 (La.1986), the defendant appeared at arraignment without an attorney. Judge Paul A. Newell asked him whether he intended to hire an attorney and defendant responded that he was able to hire an attorney but did not intend to do so right away. The judge responded that "for purposes of arraignment only" he would appoint a member of the indigent defender board to represent Browning. The judge appointed his son, David Newell, who entered a plea of not guilty and requested a jury trial. Later that same day Browning and his appointed counsel, David Newell, reappeared before Judge Newell to announce that Browning wanted to change his plea to guilty. As a result of his guilty plea, Browning was sentenced to six years at hard labor and fined $5,000.
On appeal Browning claimed that, because his appointed attorney was the judge's son, there was a built-in conflict of interest. Browning contended David Newell had subverted Browning's best interests to the feelings of respect and awe he held for his father, Judge Paul A. Newell, resulting in David Newell's reluctance to argue with his father, to file motions or to enter objections. Although the court of appeal agreed that Browning's arguments had a degree of validity, his conviction was affirmed. The court noted that the conflict was apparent and the situation was conducive to divided loyalties. Furthermore, the court, citing La.C.Cr.P. art. 671(2), correctly noted that procedural law mandated the judge's recusal under those circumstances. The court stated:
When the law presumes a conflict of interest sufficient to mandate recusal of the judge, then the conflict is likewise sufficient to require action on the part of the attorney. The Code of Judicial Conduct also mandates recusal, and the conflict is imputable to the attorney. Code of Judicial Conduct, Canon 3 C(1)(d). Finally, the appearance of judicial impropriety or partiality is a paramount concern and is to be avoided at all costs. Code of Prof. Resp., Canon 9; State v. LeBlanc, 367 So.2d 335 (La.1979). We conclude that the concurrence of all these factors justify us in categorizing this relationship as a conflict.
Browning at p. 93. However, the court of appeal, apparently feeling bound by La. C.Cr.P. art. 841, relegated Browning to post-conviction relief on an ineffective assistance of counsel claim.
In a per curiam opinion, the Louisiana Supreme Court agreed with the court of appeal's determination that the trial judge should not have allowed his own son, appointed "strictly for arraignment", to continue his representation through Browning's guilty plea and sentencing. The court also agreed that the circumstances of the case did not warrant a finding that Browning, who knew only of the family relationship between the trial judge and his appointed attorney, knowingly waived any objection that might have been made in the trial court. However, the court did not agree with the court of appeal's determination that Browning's appointed attorney was solely at fault for allowing this unusual situation to occur or that his failure to make a contemporaneous objection banned relief on direct review. The court found that the error was plain from a mere inspection of the pleadings and proceedings and did not require inspection of the evidence. The *515 court reversed Browning's conviction, set his sentence aside and remanded the case to the district court.
Considering the rationale of Lemelle and Browning, we conclude that this case should be remanded for resentencing. As the Browning court noted, the error is plain and discoverable from a mere inspection of the proceedings. Further, as pointed out in Lemelle, article 671(3) clearly states that the trial judge shall be recused when he has been employed as an attorney in the cause. In this case, although Judge Harris only represented the defendant for purposes of arraignment, the appearance of impartiality is destroyed as he was also the judge who sentenced the defendant.
Since this matter will be remanded for resentencing, we need not consider appellant's assignment of error which questions his classification in the PSI report as a second offender, however, on remand the sentencing court should imposed sentence in light of our decision which we render this date in State of Louisiana v. Frederick Smith, our docket No. Cr93-1255.
SENTENCE REVERSED AND REMANDED FOR RESENTENCING.
NOTES
[*] Honorable William Culpepper, Retired, participated in this decision by appointment of the Louisiana Supreme Court.
[1] Defendant's conviction and the sentence imposed in Division A is the subject of an appeal which bears our docket No. Cr93-1255. We are rendering an opinion in that appeal this date.