639 So.2d 860 (1994)
STATE of Louisiana
v.
Frank BAILEY, Jr. & Frank Bailey, Sr.
No. 94-KA-76.
Court of Appeal of Louisiana, Fifth Circuit.
June 28, 1994.
*861 Bruce G. Whittaker, Staff Appellate Counsel, Indigent Defender Bd., Gretna, for defendants/appellants Frank Bailey, Jr. & Frank Bailey, Sr.
George A. Blair, III, New Orleans, for defendant/appellant Frank Bailey, Sr.
John M. Mamoulides, Dist. Atty., John J. Molaison, Jr., Dorothy A. Pendergast, Asst. Dist. Attys., Research & Appeals, Gretna, for appellee State of La.
Before KLIEBERT, DUFRESNE and CANNELLA, JJ.
CANNELLA, Judge.
Defendants, Frank Bailey, Sr. and Frank Bailey, Jr., were charged on March 5, 1993 by bill of information with theft of property valued over $500 from the Jefferson Parish School Board in violation of LSA-R.S. 14:67. When arraigned on April 14, 1993, defendants pled not guilty. On October 20, 1993, the trial court heard defendants' motion to suppress the evidence and, after taking the matter under advisement, denied the motion. On December 6, 1993, defendants withdrew their former pleas of not guilty and pled guilty as charged under LSA-C.Cr.P. art. 893 and North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). *862 They reserved their rights to appeal the denial of the motion to suppress the evidence under State v. Crosby, 338 So.2d 584 (La. 1976). In accordance with the terms of the plea agreement, the trial court sentenced defendants to two years at hard labor, suspended the sentences and placed them on active probation for two years subject to conditions. Subsequently, defendants each filed an appeal.[1]
The following note of evidence was made by the assistant district attorney prior to the acceptance of defendants' guilty pleas:
The basis for the pleas tendered under Alford is that the State would prove that between December 1, 1992 through January 25, 1993 the defendants committed theft of property valued over $500 from the Jefferson Parish School Board, and we would prove through the State's witnesses that a surveillance camera was set up and recorded these two individuals taking property, equipment and merchandise from the Jefferson Parish School Board truck into the Bailey home.
Pursuant to a search warrant by the detectives, the following items were seized: One USDA box containing three five-pound bags of instant mash potatoes in white plastic bags; one USDA box containing four cans of 71 pounds each of sweet potatoes lying on the couch inside the garage; two cases, each containing five 10-pound USDA all purpose flour lying on the floor on the south end of the garage; one sack of long-grained enriched milled rice which was open, was 25 pounds, with unknown weight, lying on top of the refrigerator in kitchen area of residence in question; two cans chunk light tuna, each 66½ ounces and two cans of shortening, Mantec Vegetil, each 31 pounds, lying on the top shelf of the pantry closet; one 5-pound white bag of instant mash potatoes on the bottom shelf of the cabinet; one case of evaporated milk, 48 12-ounce cans, "People of the USAnot to be sold or exchanged" printed on side of box; one empty case of evaporated milk; one green IBM Correcting Electric II typewriter; one Kimberly Clark box containing ten packages of Paper Hygienique Regard Bathroom Tissue; one Clark upright vacuum cleaner, serial number 1804834, model 512B, SSS, model EL floor stripper/buffer, serial number EL-11297 with school board tag number 144315; Paramount, yellow in color, blower vacuum, model number PB350, serial number 8159; inside of freezer, one USDA Grade frozen turkey and diced chicken pieces.
Total recovery is well over $500.
On appeal, defendants both assert that the information contained in the application for the search warrant was stale and therefore unreliable. In addition, Frank Bailey, Sr. contends that the affidavit/application for the search warrant was deficient in factual information necessary to establish probable cause.
Defendants contend that the trial court erred in failing to suppress the evidence seized pursuant to the search warrant. In support of this contention, both defendants argue that there was no probable cause for the warrant because the information contained in the supporting affidavit was stale. Additionally, Frank Bailey, Sr. argues that the affidavit was deficient in that it did not establish the informant's veracity or basis of knowledge.
It is well established that a search warrant may issue only upon an affidavit establishing probable cause to the satisfaction of a neutral magistrate. La. Const. art. 1, § 5 (1974); LSA-C.Cr.P. art. 162; State v. Duncan, 420 So.2d 1105, 1107 (La.1982). Probable cause has been held to exist "when the facts and circumstances within the affiant's knowledge, and of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that evidence or contraband may be found at the place to be searched." State v. Johnson, 408 So.2d 1280, 1283 (La.1982). See also State v. Byrd, 568 So.2d 554, 559 (La.1990) and State v. Bourque, 622 So.2d 198 (La.1993).
*863 In 1983, the United States Supreme Court adopted a "totality of the circumstances" analysis for determining whether an informant's tip established probable cause for issuance of a warrant. The court stated:
[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for ... conclud[ing]" that probable cause existed. Illinois v. Gates, 462 U.S. 213, [238] 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983).
This approach has been followed by the Louisiana Supreme Court. State v. Bourque at 220; State v. Byrd at 559.
The magistrate's determination of probable cause, prior to the issuance of a search warrant, is entitled to significant deference by the reviewing court. State v. Rodrigue, 437 So.2d 830, 833 (La.1983). Marginal cases should be resolved in favor of finding the magistrate's assessment to be reasonable. Rodrigue at 833.
The affidavit in support of the issuance of the search warrant in this case stated the following:
On Monday, 1-25-93, Mr. Michael Fanning, attorney representing the Jefferson Parish School Board, met with Detectives at the Detective Bureau of the Jefferson Parish Sheriff's Office. Accompanying Mr. Fanning was Mr. Ron Arabie, also an employee of the Jefferson Parish School Board.
Mr. Fanning related that the School Board had been contacted by a concerned citizen who stated that one of the School Board commodity truck drivers had been observed several times a week unloading School Board commodities from School Board trucks and bringing the items into his home. After meeting with the concerned citizen, the employee in question was determined to be one Frank Bailey, Negro male, residing at 3812 Deercreek Lane in Harvey. The citizen, although cooperative, was concerned with confidentiality based on fear of reprisal.
Following the citizen's complain, a video camera was positioned on January 15, 1993 as well as other dates in order to film any possible violations by this employee. The camera was manned by Mr. Don Abadie on January 15, 1993 at 1:07 p.m. At this time, Mr. Abadie captured on film Mr. Frank Bailey and another Negro male subject (shirtless) and wearing blue jeans unload two cases of food commodities from a School Board truck and bring these items into Mr. Bailey's home at 3812 Deercreek Lane.
The items observed would have been two cases of potato granules.
The suspect, Frank Bailey, has no prior criminal record.
The suspect, Frank Bailey, has no authority to bring School Board commodity property to his residence.
It should be noted that the stolen property in question cannot be purchased at any retail outlets since it originates from the Federal Government U.S.D.A.
For the above reasons, Detective Wright respectfully requests this search warrant be granted so that a lawful search might be conducted of the premises located at 3812 Deercreek Lane, Harvey in an effort to recover [sic] any and all stolen property rightfully belonging to the Jefferson Parish School Board.
The affidavit reveals that the initial informer was a concerned citizen whose information was corroborated by the subsequent video tape of the defendants' illicit activities. A citizen's tip is presumed to have inherent credibility. Bourque at 220. Furthermore, the affidavit indicates that the food which was stolen cannot be purchased from retail outlets, eliminating the chance that any food items found on the premises were obtained legally. Additionally, a video was made which corroborated the information received from the informant. This information is sufficient to support a reasonable belief that an *864 offense had been committed and that evidence of it would be found on the premises of the place to be searched. Thus, we find there was probable cause for the issuance of the warrant.
The next question is whether the passage of time rendered the facts supporting probable cause so attenuated that the inference that the objects sought in the warrant may still be found on the premises is defeated. State v. Ogden, 391 So.2d 434, 437 (La. 1980). Important factors to consider in making this determination are the nature of the object and by its nature whether it can be expected to be retained on the premises and whether the evidence indicates a continuing course of conduct. Id. at 437.
The affidavit here asserts that defendants were engaged in a pattern of stealing School Board "commodities" and that a video surveillance showed the defendants stealing two cases of potato granules. According to the affidavit, the last incident occurred twelve days prior to the execution of the warrant. However, even though the warrant was not executed until twelve days after the last incident, the items would not necessarily have been consumed or otherwise disposed of by defendants. In State v. Gilbert, 354 So.2d 508 (La.1978), the Court held that there was reasonable cause to believe stolen dress belts would still be on the premises, notwithstanding the lapse of from one to two weeks between the time the belts were seen on the premises and the time that the search warrant was issued. Thus, we find the time between the last incident and the execution of the warrant did not attenuate the facts supporting the inference the objects were still on the premises and probable cause was not defeated by the time lapse. We find, therefore, that the trial judge did not err in denying the motion to suppress the evidence.
In accordance with La.C.Cr.P. art. 920 and State v. Williams, 593 So.2d 753 (La.App. 5th Cir.1992), we have reviewed the record for patent error. Our review indicates an error in the commitment and minute entry regarding defendant Frank Bailey, Sr. Those documents fail to reflect that the trial judge ordered defendant to pay a $100 fee to IDB as a condition of probation, as ordered in the sentencing transcript. Because the transcript prevails when there is a discrepancy, State v. Lynch, 441 So.2d 732 (La.1983), the commitment and minute entry must be amended to reflect that a $100 IDB fee was imposed as a condition of probation.
When defendant has entered a guilty plea, our review for patent error also includes whether the defendant was properly "Boykinized".[2]State v. Godejohn, 425 So.2d 750 (La.1983). In addition, when the defendants enter a guilty plea under North Carolina v. Alford, as here, constitutional due process requires the record to contain "strong evidence of actual guilt." After our review for proper "Boykinization" and for "strong evidence of guilt", we find no patent error.
Accordingly, the conviction and sentence of Frank Bailey, Jr. are affirmed.
The conviction of Frank Bailey, Sr. is affirmed. The commitment and minute entry related to Frank Bailey, Sr. is amended to reflect that he is to pay a $100 fee to I.D.B. Frank Bailey, Sr.'s sentence is otherwise affirmed.
CONVICTION AND SENTENCE OF FRANK BAILEY, JR. AFFIRMED.
CONVICTION OF FRANK BAILEY, SR. AFFIRMED.
SENTENCE OF FRANK BAILEY, SR. AMENDED AND AFFIRMED AS AMENDED.
NOTES
[1] Although the IDB was appointed to represent only Frank Bailey, Jr., its brief states that it is on behalf of both defendants.
[2] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).