710 So.2d 1074 (1998)
STATE of Louisiana
v.
Jake L. BOYD.
No. 97-KA-0579.
Supreme Court of Louisiana.
April 14, 1998.
*1075 Richard P. Ieyoub, Atty. Gen., Harry F. Connick, Dist. Atty., Karen G. Arena, Valentin M. Solino, for Applicant.
Daniel A. Claitor, Baton Rouge, for Respondent.
TRAYLOR, Justice.[*]
Defendant, Jake L. Boyd, was charged by grand jury indictment with one count of battery upon a police officer in violation of La. R.S. 14:34.2. The trial court quashed the indictment upon a finding that a portion of the statute is unconstitutionally vague. This case comes before us on direct appeal as it involves a district court declaration that a statute is unconstitutional. La. Const.1974, Art. V, § 5(D).

PROCEDURAL HISTORY
Defendant was arraigned on December 12, 1995. Thereafter, defendant filed a motion to quash his indictment on the ground that La. R.S. 14:34.2(B)(3) is unconstitutionally vague as to the language, "injury that requires medical attention." La. R.S. 14:34.2(B) provides in relevant part:
(3) If the battery produces an injury that requires medical attention, the offender shall be fined not more than one thousand dollars or imprisoned with or without hard labor for not less than one year nor more than five years, or both.
On June 18, 1996, the trial court granted defendant's motion and quashed the indictment with the following language:
Medical attention could mean that the officer was examined and released without treatment, or it could mean, as defendant states "application of a band aid [sic] by the officer or another non-physician party". Such a term fails to meet the requirements of the due process clause in that it is so vague and standardless that it leaves judges free to decide, without legally fixed criteria, when an individual must suffer imposition of burdens or forfeiture of rights...
The entire transcript of proceedings in this matter consists of one page of dialogue regarding the defendant's motion to quash. The record contains no facts as the motion was filed pretrial. The State appeals the ruling to this Court.

DISCUSSION
The sole issue before us is whether La. R.S. 14:34.2 is unconstitutionally vague because it fails to give adequate notice regarding the conduct it proscribes and fails to set forth an ascertainable standard of guilt. After a thorough review of the record and *1076 considering the briefs submitted by the parties and oral argument, we determine that the trial court's ruling is premature.
Premature Determination
While a defendant may move to quash his indictment under La.C.Cr. P. art. 531-532 for failure of the indictment to charge an offense punishable under a valid statute, the instant motion to quash asserted that the statute was unconstitutionally vague. It is well established that a vagueness challenge to a statute not involving First Amendment freedoms must be examined in the light of the facts of the case at hand and as applied to the particular defendant. United States v. Powell, 423 U.S. 87, 92, 96 S.Ct. 316, 319-20, 46 L.Ed.2d 228 (1975); United States v. Mazurie, 419 U.S. 544, 550, 95 S.Ct. 710, 714, 42 L.Ed.2d 706 (1975). Given that the instant statute does not involve First Amendment freedoms, defendant must show at trial that the statute lacks specificity as to his behavior. Parker v. Levy, 417 U.S. 733, 755-57, 94 S.Ct. 2547, 2561-62, 41 L.Ed.2d 439 (1974).
The trial court quashed the indictment before any evidence was presented. Without any facts before it, the trial court could not determine whether the statute was applied unconstitutionally against defendant. We find that the challenge for vagueness was not properly raised by the pretrial motion to quash. Therefore, the trial court prematurely found the statute to be unconstitutionally vague under Louisiana Constitution, Art. 1, §§ 2, 13.
Vagueness
Notwithstanding our determination that the trial court prematurely quashed defendant's indictment, to lend guidance for future proceedings, we now address whether this statute could be applied unconstitutionally. Under the due process clause of the United States Constitution, Amend. XIV, and the Louisiana Constitution, Art. 1, §§ 2, 13, a statute is vague if it fails to provide adequate notice of proscribed conduct and its consequences to persons of reasonable intelligence or fails to provide sufficient standards by which guilt or innocence may be determined. Kolender v. Lawson, 461 U.S. 352, 358, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983); United States v. Batchelder, 442 U.S. 114, 123, 99 S.Ct. 2198, 2203-04, 60 L.Ed.2d 755 (1979); Palmer v. City of Euclid, 402 U.S. 544, 545, 91 S.Ct. 1563, 1564, 29 L.Ed.2d 98 (1971); State v. Azar, 539 So.2d 1222, 1224 (La.), cert. denied, 493 U.S. 823, 110 S.Ct. 82, 107 L.Ed.2d 48 (1989); State v. Pierre, 500 So.2d 382, 384 (La.1987). Simply stated, the statute must not contain a standard so vague that the public is uncertain as to the proscribed conduct and the factfinder is unfettered by any legally fixed standards as to what is prohibited by the statute. Giaccio v. Pennsylvania, 382 U.S. 399, 403, 86 S.Ct. 518, 521, 15 L.Ed.2d 447 (1966); Boyce Motor Lines, Inc. v. United States, 342 U.S. 337, 72 S.Ct. 329, 96 L.Ed. 367 (1952); State v. Davis, 448 So.2d 645 (La.1984); State v. Liuzza, 457 So.2d 664, 665 (La.1984); State v. McCoy, 395 So.2d 319 (La.1980).
Here, trial court found that the term "requires medical attention" is vague and "lends itself to a variety of interpretations." However, the fact that a statute's terms are subjective and susceptible to interpretation does not render it vague. State v. Baron, 416 So.2d 537 (La.1982); State v. Dousay, 378 So.2d 414 (La.1979); State v. Payton, 361 So.2d 866 (La.1978). Words used in statutes need not have the same precision as mathematical symbols. State v. McCoy, 395 So.2d 319, 321 (La.1980). Due process requires only that the language of a statute have generally accepted meaning so that a person of ordinary and reasonable intelligence is capable of discerning its proscriptions and is given fair notice of the conduct which is forbidden by its terms. Id. The law is replete with instances where a man's fate depends on his judgment as to what conduct is permissible under a statute. His poor judgment may subject him to fine or imprisonment and is not sufficient to render a statute vague. State v. Lindsey, 310 So.2d 89, 91 (La.1975).
Conversely, a vague statute prohibits no specific or definite act and leaves open the widest conceivable inquiry, the scope of which no one can foresee and the result of which no one can foreshadow or adequately *1077 guard against. United States v. Powell, 423 U.S. 87, 92, 96 S.Ct. 316, 319-20, 46 L.Ed.2d 228 (1975); United States v. L Cohen Grocery Co., 255 U.S. 81, 89, 41 S.Ct. 298, 65 L.Ed. 516 (1921).
The complained of phrase has an easily understood meaning within the context of its use in the statute. We find that the clear and unambiguous wording of the statute means that any battery of a police officer which necessitates that the officer seek the care of doctors, nurses or other medical services, including but not limited to operations, hospitals, and institutional care incurred primarily for the prevention or alleviation of a physical or mental defect or illness sustained in the battery is "require[d] medical attention."
We reject the trial court's assessment that the phrase could "mean that the officer was examined and released without treatment" or where the officer has "a band aid [sic] [applied] by the officer or another non-physician party." These hypothetical situations, without any other facts, are obviously not injuries which require medical attention. The mere fact that a battered officer seeks medical attention is not sufficient to make the treatment medically necessary. We find that "an injury which requires medical attention" is an injury where the battered officer receives a battery for which the attention of a medical professional (nurse, paramedic, doctor, etc.) is required. For example, while a simple scratch normally would not require medical attention, a scratch, bite or needle prick where the officer is possibly exposed to a disease which necessitates testing would be sufficient to require medical attention.
Notwithstanding that the term may be subjective in nature and susceptible to interpretation, the statute is not automatically rendered unconstitutionally vague. The phrase gives adequate warning of the conduct proscribed and provides a workable standard for judges and juries to fairly administer the law.

DECREE
For the foregoing reasons, we hold that it was error to consider the challenge for vagueness at a preliminary stage of the proceedings. The order of the district court is hereby reversed and the case is remanded for a full trial on the merits in conformity with this opinion.
REVERSED; REMANDED.
LEMMON, J., concurs and will assign reasons.
KIMBALL, J., concurs and assign reasons.
JOHNSON, J., dissents.
VICTORY, J., concurs.
KIMBALL, Justice, concurring.
I agree with the majority's conclusion that because the questioned statute does not implicate behavior protected by the First Amendment, a challenge that the statute is unconstitutionally vague can be made only in light of the facts of the case as the statute is applied to the particular defendant. Thus, the trial court's conclusions as to the unconstitutionality of the statute were premature. Finding this to be so, however, I would not go on to address the constitutionality of the challenged statute, an analysis the majority concluded was conducted prematurely by the trial court.
NOTES
[*] MARCUS, J., not on panel. See Rule IV, Part 2, Section 3.