820 So.2d 1095 (2002)
STATE of Louisiana
v.
Stephanie J. GASPARD.
Nos. 01-KA-1042, 02-KA-172.
Court of Appeal of Louisiana, Fifth Circuit.
May 29, 2002.
Paul D. Connick, Jr., District Attorney, Mickey S. DeLaup, Terry M. Boudreaux, Lisa Schnieder, Assistant District Attorneys, Gretna, LA, for Plaintiff/Appellee.
Frank G. Desalvo, APLC, New Orleans, LA, for Defendant/Appellant.
Panel composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY, and CLARENCE E. McMANUS.
THOMAS F. DALEY, Judge.
On February 28, 2000, the Jefferson Parish District Attorney filed two Bills of Information alleging a total of three charges against defendant, Stephanie Gaspard. In District Court Case Number 00-1211, Count 1 alleged hit-and-run driving, a misdemeanor, and Count 2 alleged misdemeanor battery of a police officer (Deputy Todd Schexnayder). In the other Bill of Information, District Court Case Number 00-1210, the State alleged a felony count of battery of a police officer (Deputy Billy Lewis) producing an injury that required medical attention in violation of LSA-R.S. 14:34.2B(3). Defendant pled guilty as charged to all counts.
The defendant appealed the misdemeanor convictions in Appeal Number 01-KA-1042 and the felony conviction in 01-KA-172. This Court ordered the appeals be consolidated. The defendant's brief only addresses the felony conviction. Defendant has failed to brief any issues related to her misdemeanor convictions, therefore, these issues are considered to be abandoned. Uniform Rules, Courts of Appeal, Rule 2-12.4.
*1096 In the felony count of battery of a police officer, defendant tendered her plea under the provisions of North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), and State v. Crosby, 338 So.2d 584 (La.1976).

DISCUSSION AND LAW:
On appeal, defendant argues that when she entered her guilty plea, the State failed to articulate sufficient facts to establish a violation of LSA-R.S. 14:34.2B(3), and thus, did not meet its burden under Alford.
A guilty plea normally waives all nonjurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief. State v. Raines, 00-1942, p. 3 (La.App. 5 Cir. 5/30/01), 788 So.2d 630, 632. However, a defendant may be allowed appellate review if at the time he enters a guilty plea, he expressly reserves his right to appeal a specific adverse ruling in the case. State v. Crosby, supra; State v. King, 99-1348, p. 3 (La.App. 5 Cir. 5/17/00), 761 So.2d 791, 793, writ denied, 00-1824 (La.6/29/01), 794 So.2d 822.
It is noted that, although the trial court allowed defendant to enter her guilty plea under the provisions of Crosby, she did not challenge any specific adverse ruling by the court. Thus, she did not preserve her right to appeal this issue under Crosby.
Defendant's plea was accompanied by a claim of innocence under the provisions of North Carolina v. Alford, supra. In a case involving a bona fide Alford plea, the record must contain "strong evidence of actual guilt." Alford, 400 U.S. at 38, 91 S.Ct. at 167. This Court has held that where a defendant pleads guilty under Alford, "constitutional due process requires that the record contain `strong evidence of actual guilt.'" State v. Villarreal, 99-827, p. 5 (La.App. 5 Cir. 2/16/00), 759 So.2d 126, 129, writ denied, 00-1175 (La.3/16/01), 786 So.2d 745 (quoting State v. Bailey, 94-76, p. 6 (La.App. 5 Cir. 6/28/94), 639 So.2d 860, 864). This Court has held that due process requires review of this issue even when the defendant has failed to preserve it for appeal, provided the record shows defendant intended to preserve his right to review. Villarreal, supra; Bailey, supra.
The record is clear that defendant intended to preserve her right to review the issue of whether the State presented a sufficient factual basis of defendant's guilt. At the time of defendant's guilty plea, her attorney stated:
Judge, just so you know the basis of our Crosby plea is that we contend that more than just medical attention. In other words, more than just an examination is required to meet the requirements of the statute, and that is the basis. Because we think that no treatment itself was rendered, only an examination.
Defendant was charged with a violation of R.S. 14:34.2B(3), which states in pertinent part that "if the battery produces an injury that requires medical attention, the offender shall be fined not more than one thousand dollars or imprisoned with or without hard labor for not less than one year nor more than five years, or both."
At the time of the guilty plea, the prosecutor offered the trial court the following factual basis for defendant's guilt:
Your Honor, as to case number 00-1210 if the State had taken this to trial the State would have proven that on February 19th of the year 2000, that Deputy Billy Lewis was investigating a hit and run. And during the course of that investigation he identified the defendant as the perpetrator. And during the course of his attempt to detain the defendant, she kicked him several times *1097 in the groin which caused and required medical attention.
Defendant relies on the Louisiana Supreme Court's holding in State v. Boyd, 97-0579 (La.4/14/98), 710 So.2d 1074, to support his argument that the State did not provide strong evidence of actual guilt. Defendant contends that the State was required to detail the medical attention required by Deputy Lewis. The defendant in Boyd was charged with felony battery of a police officer under LSA-R.S. 14:34.2B(3). The defendant filed a Motion to Quash on grounds that the statute is unconstitutionally vague because it fails to give adequate notice of the proscribed conduct. The trial court quashed the indictment before any evidence was presented, declaring the statute unconstitutional.
The Supreme Court reversed the trial court's ruling, holding that the statute is not vague. In dicta, the court commented on the meaning of the statute's provision that the officer's injury requires medical attention:
The complained of phrase has an easily understood meaning within the context of its use in the statute. We find that the clear and unambiguous wording of the statute means that any battery of a police officer which necessitates that the officer seek the care of doctors, nurses or other medical services, including but not limited to operations, hospitals, and institutional care incurred primarily for the prevention or alleviation of a physical or mental defect or illness sustained in the battery is "required medical attention."
We reject the trial court's assessment that the phrase could "mean that the officer was examined and released without treatment" or where the officer has "a band aid [sic] [applied] by the officer or another non-physician party." These hypothetical situations, without any other facts, are obviously not injuries which require medical attention. The mere fact that a battered officer seeks medical attention is not sufficient to make the treatment medically necessary. We find that "an injury which requires medical attention" is an injury where the battered officer receives a battery for which the attention of a medical professional (nurse, paramedic, doctor, etc.) is required.
Boyd, 97-0579 at pp. 7-8, 710 So.2d at 1077.
We find, based on the statutory language and the Boyd court's analysis, that the prosecutor's statement in this case was sufficient to satisfy the State's burden under Alford. The statute and the court's analysis in Boyd contemplates an injury for which treatment is medically necessary. In its brief, the State points out that, at the time of her guilty plea, defendant said, in part, that the police officer threw her on the ground, and that she got up and kicked him twice. The prosecutor stated that the factual basis for the plea was that defendant "kicked him (the officer) several times in the groin which caused and required medical attention." (Emphasis added.) This is a sufficient factual basis to establish strong evidence of actual guilt.
The defendant's claim that the officer was not treated is a defense to this charge. A constitutional error is not necessarily committed when the court accepts a guilty plea in a case in which an assertable defense exists. See State v. Bowie 96-2987 (La.1/31/97), 687 So.2d 369.
For the foregoing reasons, we find defendant's guilty plea to the charge of battery on a police officer requiring medical attention in violation of R.S. 14:34.2B(3) *1098 is valid. Accordingly, defendant's convictions are affirmed.
AFFIRMED.