839 So.2d 103 (2003)
STATE of Louisiana
v.
Andrew J. JOSEPH, Jr.
No. 02-KA-717.
Court of Appeal of Louisiana, Fifth Circuit.
January 14, 2003.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Thomas J. Butler, Lisa B. Schneider, Assistant District Attorneys, Gretna, LA, for Appellee.
Holli Herrle-Castillo, Marrero, LA, for Appellant.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS and SUSAN M. CHEHARDY.
*104 MARION F. EDWARDS, Judge.
Defendant, Andrew Joseph, Jr., appeals his conviction for possession with the intent to distribute cocaine. For the following reasons, we affirm.
On February 13, 2001, defendant, Andrew Joseph, Jr., was charged by bill of information with possession with the intent to distribute cocaine in violation of LSA-R.S. 40:967(A). On May 29, 2001, Joseph was arraigned and entered a plea of not guilty. On February 19, 2002, Joseph filed pre-trial motions, including a motion to suppress evidence. On March 13, 2002, the hearing on the motion to suppress was held and the motion was denied. On March 21, 2002, Joseph filed a "Motion to Exclude Expert Testimony or Alternatively Motion for Daubert Hearing." The matter was heard, and the motion was denied on March 25, 2002. Joseph then moved for a continuance in order to consult with an independent expert. The court denied this oral motion, over Joseph's objection.
On March 26, 2002, Joseph advised the court that he desired to withdraw his prior plea of not guilty and enter a stipulated plea of guilty as charged, "pursuant to the provisions of State v. Crosby."[1] Joseph then executed a Waiver of Constitutional Rights form that specified he would receive 15 years of imprisonment at hard labor as a second felony offender under the Multiple Offender Statute LSA-R.S. 15:529.1. The trial judge advised Joseph of his rights and thereafter questioned him before accepting his plea as knowing and voluntary. The trial judge reserved Joseph's right to appeal his decision under Crosby, supra. The trial judge sentenced Joseph to 15 years of imprisonment at hard labor and stipulated that this sentence was to be served concurrent with any other sentence imposed.[2]
Following the sentencing in this case, the State filed a multiple bill wherein it alleged that the defendant was a second felony offender under the Multiple Offender Statute.[3] Joseph advised the court of his desire to admit to the allegations of the multiple bill.
On the same day, the trial judge vacated Joseph's original sentence and sentenced him as a second felony offender to the agreed upon 15 years of imprisonment at hard labor. The sentence was ordered to run concurrent with any other sentence imposed.
Joseph orally moved for a Crosby appeal, which was granted by the trial judge. On the same day, a written appeal motion was filed.
On appeal, Joseph asserts that the evidence should have been suppressed and that the defense continuance to obtain an expert should have been granted, or alternatively, the defense motion in limine to preclude the state from using its expert should have been granted.
The State initially argues that Joseph failed to specify which ruling he wished to reserve under Crosby, thus waiving the right to appeal the rulings on the motion to suppress and the motion for continuance, *105 or alternatively, the ruling on the motion in limine.
Joseph replies that the issues were preserved for review on appeal because he lodged objections to the preliminary rulings and informed the trial court judge of his desire to file a Crosby appeal.
We first consider the issue of whether Joseph preserved the issues raised in this appeal for appellate review.
A guilty plea normally waives all non-jurisdictional defects in the proceedings prior to the entry of the guilty plea, and precludes review of such defect either by appeal or post-conviction relief.[4] In State v. Crosby, supra, the Louisiana Supreme Court decided for the first time that a defendant could enter a guilty plea and reserve his right for appellate review of non-jurisdictional defects. The Court discussed, in pertinent part, the principles applicable to appellate review of assignments of error reserved at the time of a guilty plea:
5. If the prejudicial error is not patent on the face of the record, a defendant who pleads guilty waives his right to obtain appellate review of contended-error if he does not object to it at the time it occurs or perfect an assignment of error or take other procedural steps required to preserve it for consideration by this court upon appeal.
6. Analogously, a defendant will also waive his right to review of a non-jurisdictional pre-plea trial ruling unless, at the time of his plea, he expressly stipulates that he does not waive his right to review of it, the normal consequence of a guilty plea. (In the light of this reservation, of course, the trial court may or may not exercise its discretion to accept the plea.) As in other jurisdictions which permit the practice, where the issue is presented, the prosecutor may validly require the waiver of appellate review of non-jurisdictional pre-plea rulings or conduct as a condition of a plea bargain.[5]
This Court has previously declined to consider rulings on alleged non-jurisdictional defects when the defendant failed to reserve the right to appeal the rulings under Crosby,[6] In the present case, Joseph signed a Waiver of Constitutional Rights that stated that he was pleading guilty to possession with the intent to distribute cocaine under State v. Crosby. At the hearing on the guilty plea, Joseph advised the trial court judge that he wanted to "tender a plea pursuant to the provisions of State v. Crosby" and plead guilty to possession with the intent to distribute cocaine. During the colloquy, the trial judge advised Joseph that he was pleading guilty to the crime of one count of possession with the intent to distribute cocaine on January 29, 2001 "pursuant to a Crosby plea." The court then accepted Joseph's guilty pleas as free and voluntary and noted that the plea in this case "was tendered under State v. Crosby." Following the sentencing, Joseph orally moved for appeal and notified the court that he would file a written motion for appeal. Joseph then filed a written "Motion for Crosby Appeal."
*106 During these proceedings, there is no mention by Joseph as to which adverse rulings he sought to reserve for appeal under Crosby. Additionally, although Joseph lodged objections at the time of the rulings on the motion to suppress, the ruling on the Daubert motion, and the motion for continuance, there is no indication in the record as to which of these rulings, if any, he wanted to appeal under Crosby.
In State v. Gaspard, supra, we considered a similar issue and held:
It is noted that, although the trial court allowed defendant to enter her guilty plea under the provisions of Crosby, she did not challenge any specific adverse ruling by the court. Thus, she did not preserve her right to appeal this issue under Crosby.[7]
Similarly, in this case, after a review of the record, we find that Joseph has not preserved these issues for review on appeal, and we decline to consider them.
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux,[8] and State v. Wetland.[9] The review reveals one error patent in this case.
In imposing the original sentence in this case, the trial judge failed to specify the original sentence was to be served without benefits of parole, probation or suspension of sentence for the first five years, pursuant to the dictates of LSA-R.S. 40:967(B)(4)(b).[10] This issue is moot because the original sentence was vacated at the time of the imposition of sentence under the multiple offender finding. However, in imposing the multiple offender sentence, the trial judge also failed to state that this sentence was to be served without benefits of probation or suspension of sentence, pursuant to LSA-R.S. 15:529.1(G). This error patent does not require any action by this Court because LSA-R.S.15:301.1(C)[11], as interpreted by State v. Williams,[12] imposes these restrictions by operation of law.
Accordingly, based on the foregoing, the defendant's conviction is affirmed.
AFFIRMED.
NOTES
[1] 338 So.2d 584 (La.1976).
[2] On the same date as this plea, Joseph pled guilty to and was sentenced on 13 additional charges: two additional charges for possession with the intent to distribute cocaine; one count of possession of Oxycodone; four counts of simple possession of cocaine; two counts of simple possession of marijuana; one count of battery on a police officer and one count of possession of drug paraphernalia. These convictions are not the subject of this appeal.
[3] LSA-R.S. 15:529.1(A)(1)(a).
[4] State v. Crosby, supra; State v. Gaspard, 01-1042, p. 3 (La.App. 5 Cir. 5/29/02), 820 So.2d 1095, 1096.
[5] State v. Crosby, 338 So.2d at 591 (citations omitted).
[6] State v. Cox, 02-0333, p. 7 (La.App. 5 Cir. 9/30/02), 829 So.2d 521, 2002 La.App. LEXIS 2849; State v. Gaspard, supra; State v. King, 99-1348, pp. 3-4 (La.App. 5 Cir. 5/17/00), 761 So.2d 791, 793, writ denied, 00-1824 (La.6/29/01), 794 So.2d 822; State v. May, 00-43, pp. 2-3 (La.App. 5 Cir. 5/17/00), 760 So.2d 1260, 1261.
[7] State v. Gaspard, 820 So.2d at 1096.
[8] 312 So.2d 337 (La.1975).
[9] 556 So.2d 175 (La.App. 5 Cir.1990).
[10] Prior to the amendment by 2001 Acts 403.
[11] LSA-R.S. 15:301.1(C) applies to those situations in which a criminal statute requires, "all or a portion of a criminal sentence ... be served without benefit of probation, parole, or suspension of sentence, or of any one of them, any combination thereof, or any substantially similar provision or combination of substantially similar provision." Pursuant to LSA-R.S. 15:301.1(A), the restrictions are deemed to be imposed, even when the trial judge does not specifically mention those restrictions.
[12] 00-1725, p. 22-23 (La.11/28/01) 800 So.2d 790, 799