SUSAN M. CHEHARDY, Judge.
 

 |2On October 11, 2001, the Jefferson Parish grand jury indicted defendant, Baker Sede, on two counts of first degree murder, in violation of La. R.S. 14:30. He pled not guilty and was later found incompetent to stand trial.
 

 Almost two years later, the trial court held another sanity hearing and determined defendant was competent to stand trial. On June 1, 2005, defendant changed his former pleas to not guilty by reason of insanity.
 

 On March 8, 2007, defendant withdrew those pleas and entered guilty pleas on both counts of first degree murder. The trial court accepted defendant’s pleas and sentenced defendant to life imprisonment, without the benefit of parole, probation, or suspension of sentence on each count, to
 
 *704
 
 run concurrently. Defendant subsequently filed an application for post-conviction relief and obtained an out-of-time appeal.
 

 Facts
 

 The record contains limited information on the facts and circumstances surrounding these offenses because defendant entered guilty pleas. The record does reflect that, during the plea colloquy, the State recounted that defendant committed first degree murder of Tyree Smith and a six-month-old infant on June
 
 \{l,
 
 2001. In defendant’s statements to the police, he stated that Ms. Smith was his girlfriend and the six-month-old infant was his daughter.
 

 In his first assignment of error, defendant argues that his convictions must be reversed because the trial judge should have recused herself and refused to accept his guilty pleas because she represented the defendant at his arraignment. Defendant argues that, because June Darens-burg represented him at his arraignment, she is prohibited under La C.Cr.P. art. 671 from taking action in his case as a trial judge. He admits that he did not file a motion to recuse but contends Judge Dar-ensburg should have recused herself on her own motion under La.C.Cr.P. art. 672. The State responds that defendant is precluded from raising this issue on appeal because he entered an unconditional guilty plea and, therefore, waived any non-jurisdictional defects.
 

 According to the record, defendant’s case was assigned to Division “P” of the Twenty-Fourth Judicial District Court. The minutes of the trial court reflect that, on November 9, 2001, defendant was present in court for arraignment and was represented by Ms. Darensburg “for the arraignment only.” At the arraignment, the indictment was read and defendant entered a plea of not guilty. Additionally, the trial court ordered that an IDB attorney be appointed for defendant. The next minute entry reflects that Michael Riehl-man represented defendant on November 26, 2001. Ms. Darensburg does not appear as counsel of record for this defendant again.
 

 Subsequently, Ms. Darensburg was elected as district court judge for Division “C” of the Twenty-Fourth Judicial District Court. Although defendant’s case was allotted to Division “P,” Judge Darensburg, at Judge Zeno’s request, conducted the plea colloquy, accepted defendant’s guilty pleas, and sentenced |4defendant in accordance with the plea agreement. After Judge Darensburg sentenced defendant, defense counsel stated:
 

 Your Honor, just for the record, this was discussed at the Bench, and everyone has acknowledged this in the past; this case is originally a Division “P” case, handled by the Honorable Melvin Zeno. Judge Zeno is out of town, he had instructed both defense counsel, and the State, that should some resolution, or should any action need to be taken in this case, in his absence, to contact Your Honor, who would act in his absence. Your Honor has agreed to do so, both parties are satisfied with Division “C”, Your Honor, handling this case instead of Judge Zeno.
 

 Judge Darensburg responded, “And that is correct. I did speak to Judge Zeno regarding this matter, and I did agree to handle it, if in fact there was a plea, that was agreed upon by the defense and the State.”
 

 La.C.Cr.P. art. 671 provides mandatory grounds upon which a judge shall be recused in a criminal case. La.C.Cr.P. art. 671(A)(3) provides that a trial judge “shall be recused when he ... [h]as been employed or consulted as an attorney in the cause, or has been associated with an
 
 *705
 
 attorney during the latter’s employment in the cause.” The party that moves for recusal under that section does not have to show bias, prejudice, or personal interest on the part of the judge but merely employment “in the cause.”
 
 State v. Lemelle,
 
 353 So.2d 1312, 1314 (La.1977);
 
 State v. Williams,
 
 00-11 (La.App. 4 Cir. 5/9/01), 788 So.2d 515, 527.
 

 The party desiring to recuse a trial judge must file a written motion assigning the ground for recusation. La.C.Cr.P. art. 674. If a valid ground for recusation is set forth in the motion, the judge shall either recuse himself or refer the motion to another judge of that court. La.C.Cr.P. arts. 674 and 675. Further, under La.C.Cr.P. art. 672, a judge may recuse himself, regardless of whether a motion has been filed, in any case in which a ground for recusation exists.
 

 | sIn sum, if this defendant had filed a motion to recuse, the trial judge would have been required to recuse herself under La.C.Cr.P. art. 671(A)(3).
 
 See State v. Lemelle, supra; State v. Williams, supra
 
 at 13, 788 So.2d at 526. Defendant concedes, as noted above, that he did not file a motion to recuse before he pled guilty.
 

 In general, a guilty plea waives all non-jurisdictional defects in the proceedings prior to the plea and precludes review of such defects either by appeal or post-conviction relief.
 
 State v. Crosby,
 
 338 So.2d 584, 588 (La.1976);
 
 State v. Gaspard,
 
 01-1042 (La.App. 5 Cir. 5/29/02), 820 So.2d 1095, 1096. A defendant may reserve his right to appellate review if, at the time he enters a guilty plea, he expressly reserves his right to appeal a specific adverse ruling in the case.
 
 State v. Crosby, supra
 
 at 590-92;
 
 State v. Gaspard, supra.
 

 The question is whether a trial judge’s failure to recuse amounts to a jurisdictional defect. If a trial judge’s failure to recuse is a jurisdictional defect, defendant is not precluded from raising it as an error on appeal. If not, however, defendant waived any remedy when he entered his guilty pleas.
 

 In
 
 Crosby,
 
 the Louisiana Supreme Court defined jurisdictional defects as those which, even conceding a defendant’s factual guilt, do not permit conviction of the charged offense. The supreme court listed the following examples of jurisdictional defects: (1) the lack of jurisdiction of the sentencing court, (2) the conviction represents double jeopardy, (3) the prosecution had prescribed at the time it was instituted, (4) the State lacked constitutional or legal power to try the defendant for the charged offense, (5) the statute under which prosecution is brought is unconstitutional, (6) the charge in the indictment does not constitute a crime, and (7) certain types of patent errors that prevent conviction for the offense.
 
 Id.
 
 at 588. Further, in
 
 Kidd v. Caldwell,
 
 371 So.2d 247, 250 (La.1979), the | (¡Louisiana Supreme Court held that defendant could not seek review of the denial of his motion to recuse because he pled guilty without reserving the right to review that denial.
 
 [1]
 
 We conclude, therefore, that the failure to recuse is not a jurisdictional defect, and, as such, is waived by an unconditional guilty plea. Defendant, who tendered unconditional guilty pleas for two counts of first-degree murder, is, thus, precluded from raising this issue on appeal.
 

 The next inquiry, as noted by defendant in brief, is whether the error is discoverable on the face of the record, which would
 
 *706
 
 trigger review on appeal as an error patent. In his brief, defendant relies on
 
 State v. Smith,
 
 93-1385 (La.App. 3 Cir. 4/6/94), 635 So.2d 512. In
 
 Smith,
 
 the trial judge, who determined the defendant’s multiple offender status and imposed sentence, represented the defendant at his arraignment prior to being elected as a district judge. The Third Circuit found that the judge’s failure to recuse
 
 sua sponte
 
 when ma ndatory grounds existed was patent error discoverable on the face of the record, which required reversal of the defendant’s sentence.
 

 However, in
 
 State v. Guzman,
 
 99-1753 (La.5/16/00), 769 So.2d 1158, the Louisiana Supreme Court held that a guilty plea colloquy was not subject to review for errors patent.
 
 Id.
 
 at 1162. In
 
 Guzman,
 
 the supreme court expressly overruled its “previous decision in
 
 State v. Godejohn,
 
 425 So.2d 750, 751 (La.1983) (followed in
 
 State v. Browning,
 
 483 So.2d 1008 (La. 1986)), wherein [it] held a review of the plea colloquy for errors is subject to error patent review.”
 
 State v. Guzman, supra.
 
 In light of
 
 Guzman,
 
 the holding of
 
 State v. Smith,
 
 which relied on the now overruled
 
 State v. Browning,
 
 is questionable. Accordingly, we are not convinced that the failure to recuse is an error patent.
 

 17Even assuming that the failure to recuse was an error patent, it appears the error is harmless. In
 
 State v. Williams,
 
 00-11 (La.App. 4 Cir. 5/9/01), 788 So.2d 515, the Fourth Circuit held that the erroneous denial of the defendant’s motion to recuse on the grounds of La.C.Cr.P. art. 671(A)(3) was harmless. In
 
 Williams,
 
 the defendant filed a motion to recuse on the basis of La.C.Cr.P. art. 671(A)(3) because the trial judge had been employed as an assistant district attorney before assuming the bench. The trial judge acknowledged she had been an assistant district attorney at some point while the defendant’s case was being considered for prosecution by the district attorney’s office but denied any recollection of the defendant or his case.
 

 The Fourth Circuit recognized that, under La.C.Cr.P. art. 671(A)(3), any bias, prejudice, or personal interest on the part of the judge was irrelevant but still concluded that there was no evidence the defendant suffered any prejudice as a result of the trial judge’s failure to recuse. The court noted that the defendant pled guilty to a reduced charge. Moreover, there was no indication that the defendant would have fared better if the trial judge had recused herself and a new judge had been appointed to accept the defendant’s guilty plea.
 
 [2]
 

 Likewise, in the present case, there is no evidence defendant would have fared better if another judge had been appointed to accept his plea. Although defendant did not plead to a reduced charge, he agreed to plead guilty in exchange for a life sentence, instead of the death penalty.
 

 In summary, we conclude that defendant is barred on appeal from raising the issue of the trial judge’s failure to recuse because he entered an unconditional guilty plea and the failure to recuse is a non-jurisdictional defect that is waived by | Ran unconditional guilty plea. Furthermore, we decline to consider the trial judge’s failure to recuse
 
 sua sponte
 
 as an error patent. Nonetheless, even if considered an error patent, the trial judge’s failure to recuse in this case would be harmless.
 

 
 *707
 
 In his second assignment of error, defendant argues that the trial judge erred in accepting the defendant’s pleas without adjudicating his competency. Defendant argues there is nothing in the record that shows defendant was found competent to stand trial after the trial court’s initial determination defendant was incompetent.
 

 In response, the State supplemented the record with a transcript from the hearing on December 11, 2003, wherein the trial court expressly stated, “[cjonsidering the evidence, the court finds the defendant competent to stand trial.” Here, the minute entry from December 11, 2003 conflicts with the transcript, but the transcript prevails.
 
 See State v. Lynch,
 
 441 So.2d 732, 734 (La.1983). Defendant’s argument lacks merit.
 

 Finally, as is our routine practice, we have reviewed the record for errors patent, according to La.C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990). We have found no errors that require correction. Defendant’s convictions and sentences are affirmed.
 

 AFFIRMED.
 

 [1]
 

 . In
 
 Kidd,
 
 defense counsel sought review of his contempt summons and the denial of his motion to recuse the trial judge. The grounds for the motion to recuse were not discussed in the opinion.
 
 Id.
 

 [2]
 

 . Compare
 
 State v. Brown,
 
 03-1747 (La.App. 3 Cir. 5/12/04), 874 So.2d 318,
 
 writ denied,
 
 04-1413 (La. 11/8/04), 885 So.2d 1118, where the Third Circuit found the trial judge’s failure to recuse himself was not harmless error when the trial judge represented the defendant in the prior conviction and the prior conviction was a significant piece of evidence in the current case.